### MARYLAND CASUALTY CO. v. PRICE et al.

(Circuit Court of Appeals, Fourth Circuit. February 29, 1916.)

#### No. 1392.

1. ATTORNEY AND CLIENT ⊗⟿129(2)—ACTIONS FOR NEGLIGENCE—BURDEN OF PROOF.

In a suit against an attorney for negligence, plaintiff must prove the attorney's employment, his neglect of a reasonable duty, and that such negligence resulted in and was the proximate cause of loss to the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 288, 289; Dec. Dig. ⊗⟿129(2).]

2. ATTORNEY AND CLIENT ⊗⟿129(2)—ACTIONS FOR NEGLIGENCE—DECLARATION.

In a suit against an attorney for negligence, the test of the sufficiency of the declaration is whether its allegations, if proved, would make out a case, and, if proof of the facts alleged as to the negligence and resulting loss would establish a cause of action, the declaration is not demurrable.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 288, 289; Dec. Dig. ⊗⟿129(2).]

3. ATTORNEY AND CLIENT ⊗⟿129(2)—ACTIONS FOR NEGLIGENCE—DECLARATION.

In an action by a liability insurer, the declaration alleged that defendants had been for several years plaintiff's retained attorneys, that plaintiff notified them of an action against a policy holder and directed them to enter an appearance and instructed them to make such defense and take such steps as should be necessary to prevent a judgment, that they neglected to do so and a default judgment was recovered, and that plaintiff attempted to settle the suit, and could have settled it for $2,000 if the default judgment had not been rendered. *Held*, that while defendants were not advised of any facts constituting a defense, and it was not even alleged that there was a defense or that plaintiff intended to defend on the merits, and the inference was permissible that plaintiff's real purpose was to have a formal appearance or plea entered which would prevent a judg-

---

⊗⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment for a time and enable plaintiff to make an advantageous settlement, the declaration sufficiently showed defendants' employment by plaintiff.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 288, 289; Dec. Dig. 129(2).]

4. ATTORNEY AND CLIENT ⊂⊃129(2)—ACTIONS FOR NEGLIGENCE—DECLARATION.

In a liability insurer's action against its attorneys for negligence, the declaration alleged the bringing of an action for injuries against a policy holder, that plaintiff was bound to indemnify the policy holder against loss not exceeding $5,000 and was bound to defend the suit at its own expense, that it instructed defendants to enter an appearance and make a defense, that it attempted to settle the suit and could have settled it if a default judgment had not been rendered, that defendants failed to enter an appearance or make any defense, and that by reason thereof a judgment for $15,000 was rendered by default, and that plaintiff was bound to pay the amount thereof. Held, that in the absence of any allegation that the policy holder had a defense to the action for injuries, or that the injured person was not justly entitled to recover $15,000, the declaration stated no cause of action, as it was not shown that if the attorneys had made a proper defense no judgment or a judgment for a less sum would have been recovered, and while it did allege that plaintiff was bound to pay the default judgment, though for more than its limited liability, there was no disclosure of facts showing such liability, and the allegation stated only a conclusion of law.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 288, 289; Dec. Dig. 129(2).]

5. COURTS ⊂⊃299—UNITED STATES COURTS—JURISDICTIONAL AMOUNT—ALLEGATIONS OF DECLARATION.

Though nominal damages were recoverable for the attorneys' failure to do anything whatever, the declaration nevertheless failed to show that the amount involved gave a federal court jurisdiction, since, where the pleadings show that there cannot legally be a judgment for an amount necessary to give jurisdiction, jurisdiction cannot attach, though the damages are laid in the declaration at a larger sum.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. ⊂⊃299.]

6. PLEADING ⊂⊃8(2)—DECLARATION—CONCLUSIONS OF LAW.

In a liability insurer's action against attorneys, an amended declaration alleged the bringing of an action for injuries against a policy holder, that plaintiff was bound to indemnify the policy holder against loss not exceeding $5,000 and to defend the suit, that defendants were instructed to appear and defend but neglected to do so and by reason of such neglect a judgment for $15,000 was rendered by default which plaintiff was bound to and did pay, that defendants knew that plaintiff's liability was limited and that it was obliged to defend the suit, that if they had appeared and made a defense plaintiff's liability would have been only $5,000, though the judgment against the policy holder might exceed that amount, and that their negligence was the direct cause of loss to plaintiff of the difference between $5,000 and the amount of the judgment. Held that, in the absence of any allegation that the policy holder had a meritorious defense which would have defeated a recovery or reduced the amount of the judgment, the declaration was insufficient, since it did not show that plaintiff was under any obligation to pay in excess of $5,000, as the allegation that it was compelled to pay the judgment was a mere conclusion of law without any facts to justify it, and it was evident that it was not liable to the policy holder for more than $5,000 if the policy holder had no meritorious defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 13; Dec. Dig. ⊂⊃8(2).]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

7. INSURANCE ☞635—LIABILITY INSURANCE—ACTIONS—ELEMENTS OF CAUSE OF ACTION.

The holder of a liability insurance policy, under which the insurer was bound to indemnify the policy holder against loss not exceeding $5,000 and to defend a suit at its own expense, could not recover more than $5,000 because of the insurer's failure to defend an action resulting in a default judgment for $15,000 without alleging and proving a meritorious defense to the action against it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1599–1602; Dec. Dig. ☞635.]

8. ATTORNEY AND CLIENT ☞129(2)—ACTIONS FOR NEGLIGENCE—BURDEN OF PROOF.

A liability insurer suing its attorneys for negligence in failing to defend an action against a policy holder resulting in a default judgment for $15,000 had the burden of showing that the party recovering the judgment did not have a valid claim against the policy holder for $15,000.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 288, 289; Dec. Dig. ☞129(2).]

9. PLEADING ☞246(1)—AMENDMENT OF PLEADING—PERMISSION TO AMEND—STRIKING OUT ALLEGATIONS.

A liability insurer suing its attorneys for negligence in failing to defend an action for injuries against a policy holder alleged that it was bound to indemnify the policy holder against loss not exceeding $5,000 and to defend the suit, that by reason of the attorneys' negligence a default judgment was rendered for $15,000, and that it could have settled for no more than $2,000 if the default judgment had not been rendered. An amended declaration proceeded on the theory that the attorneys' failure to defend made plaintiff liable for the full amount of the default judgment and sought to recover the difference between the amount of the judgment and $5,000. After the sustaining of a demurrer to the amended declaration, it asked leave to amend further by striking out the averment that it could have settled for not exceeding $2,000 had the judgment not been rendered. *Held*, that it was not error to refuse to allow this amendment, where it was not shown that the allegation sought to be stricken was inadvertently made, or that it was not in precise accordance with the facts established, as in one aspect of the case the facts averred would defeat a recovery if there was no meritorious defense to the action against the policy holder because the action would not then involve the jurisdictional amount.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 676–678, 681–683; Dec. Dig. ☞246(1).]

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action by the Maryland Casualty Company against George E. Price and others, partners doing business as Price, Smith, Spilman & Clay. Judgment for defendants on demurrer (224 Fed. 271), and plaintiff brings error. Affirmed.

Clyde B. Johnson, of Charleston, W. Va., and Walter L. Clark, of Baltimore, Md. (Conley & Johnson, of Charleston, W. Va., on the brief), for plaintiff in error.

Malcolm Jackson, of Charleston, W. Va. (George E. Price and Buckner Clay, both of Charleston, W. Va., on the brief), for defendants in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. The Maryland Casualty Company brings this suit for damages alleged to have resulted from the negligence of defendants as attorneys at law employed by the plaintiff. The averments of the declaration filed January 6, 1915, may be summarized as follows:

That one Gail V. Lynch brought an action against the Wylie Permanent Camping Company to recover the sum of $15,000 for personal injuries received by her in August, 1908, while a passenger on one of the camping company's coaches in Yellowstone Park; that under its contract of insurance the plaintiff was bound to indemnify the camping company against any loss suffered by it in such suit, not exceeding $5,000, and was also bound to defend the suit at its own expense; that the defendants, who had been for several years the retained attorneys of plaintiff, were instructed by it to enter an appearance for the camping company in the suit of Mrs. Lynch, and to make such defense and take such steps as might be needful to prevent a judgment; that the defendants thereupon advised plaintiff that it was not necessary to enter an appearance at rules to avoid a default judgment, but that they would look after the case for the plaintiff and keep it advised in regard thereto; that the plaintiff, relying upon its attorneys to discharge their duty in the premises, attempted to settle the suit of Mrs. Lynch, and could have settled the same for not more than $2,000, if a default judgment in her favor had not been rendered; that the defendants wholly failed and neglected to enter an appearance or make any plea or defense in the action against the camping company, and that by reason of such neglect a judgment for $15,000, besides interest and costs, was rendered by default; that under its contract of insurance the plaintiff was bound to and did pay the amount of said judgment, amounting to about $20,000, and that said judgment would not have been rendered, and plaintiff would not have had to pay the same, except for the negligence of defendants; and that they thereby became indebted to plaintiff in the sum mentioned.

To this declaration a demurrer was interposed which was sustained by the court below, chiefly upon the ground that the declaration failed to allege properly that plaintiff had suffered any damages by reason of the negligence of defendants, and that it was necessary, in order to make out a case, to allege that the camping company had a good defense to Mrs. Lynch's action or allege that a less sum would have been recovered in that action but for the negligence of defendants.

The plaintiff then filed an amended declaration which repeated all the allegations of the original and added averments to the following effect: That the defendants by reason of their former employment knew that the liability of plaintiff under its contract of insurance was limited, and that by the terms of said contract the plaintiff was obligated to defend the Lynch suit; that the defendants were employed for that purpose; that, if they had appeared for the camping company and made a defense, the extent of the plaintiff's liability would have been only $5,000, although the judgment against the camping company might exceed that amount; and that the negligent failure of defendants to enter an appearance and defend the Lynch suit was the direct

cause of loss to the plaintiff of the difference between $5,000, its maximum liability under the policy, and the $20,000 default judgment which it paid.

The defendants demurred to the amended declaration, and this demurrer was sustained by the court for reasons stated in its opinion.

The plaintiff then asked leave to further amend its declaration by striking out the averment that it could have settled the Lynch Case, but for the fact that a default judgment was obtained, for an amount not exceeding $2,000. The court refused to allow this amendment on the ground that it did not appear that the allegation sought to be stricken out had been inadvertently inserted, and because that allegation was an admission of fact which affected the cause of action and the jurisdiction of the court. These rulings are challenged in the assignments of error.

[1, 2] In a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) The attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client. And the test of the sufficiency of the declaration in such a suit is whether its allegations, if proven, would make out a case. In other words, if proof of the facts alleged as to negligence and resulting loss would establish a cause of action, the declaration is not demurrable.

[3] With reference to these requirements, we hold that the fact of employment in this case is sufficiently pleaded, though a word of comment upon the averments in that regard may not be unsuitable. The declaration does not allege that the defendants were employed in this particular case, but that under their general employment they were notified of its pendency and directed to take certain action therein. The averment is this:

"This plaintiff notified the defendants of the institution and pendency of said action and directed said defendants as attorneys at law for and representing this plaintiff to enter an appearance on behalf of said Wylie Permanent Camping Company, defendant in said action so brought and pending as aforesaid, and instructed its said attorneys, the defendants herein, to make such defense and take such steps as should be necessary to prevent a judgment being rendered therein against said Wylie Permanent Camping Company; and plaintiff says that it became and was the duty of said defendants and each of them to enter an appearance in said action for the said Wylie Permanent Camping Company and do any and all other things of a legal professional character that were necessary to make up the issue in said action and defend against the judgment therein sought by said Gail V. Lynch."

It will be observed that the defendants are not advised of any facts which would constitute a defense in whole or in part to the suit against the camping company. It is not even stated that there was a defense to the suit, or that the plaintiff intended to defend it on the merits. Indeed, when the declaration is carefully read, and reference is made to what is said about the sum for which the case could have been settled, the inference is certainly permissible that the real purpose of plaintiff was to have a formal appearance or plea entered, which would for the time being prevent a judgment and thus enable plaintiff to effect an advantageous settlement. However, as already said, we do

not at all doubt that the declaration sufficiently shows the employment of defendants.

The neglect of a reasonable duty on the part of defendants under their employment is amply alleged, and no question is made as to the sufficiency of the declaration in that regard.

The case then comes to the question whether the averments of the declaration, if proven as set out, would establish that the negligence of defendants resulted in and was the proximate cause of loss to the plaintiff. In other words, does the pleading meet the third requirement above stated by sufficient allegations?

[4] We think it clear that the original declaration does not allege sufficient facts to charge the defendants with liability, because it does not show that plaintiff suffered any damage by reason of their negligence. It is not alleged that if the attorneys had appeared and made a proper defense there would have been no judgment against the camping company, or that the judgment would have been for a less sum. The averment is merely that the default judgment would not have been rendered if defendants had not failed to appear; and the declaration nowhere alleges that the camping company had any defense to the action of Mrs. Lynch, or that she was not justly entitled to recover $15,000 on account of her injuries. It is true that the declaration alleges that plaintiff under its contract of insurance was bound to and did pay the default judgment. But it does not allege how or why, or under what contract provisions, this obligation was incurred. It merely avers that plaintiff was liable to indemnify the camping company against any loss up to $5,000, and that it was bound to defend at its own expense the suit of Mrs. Lynch. In short, there is no disclosure of facts on which the liability is predicated, and therefore the averment at most states only a conclusion of law. It follows that the original declaration was properly held to be insufficient because it does not allege that the camping company had a meritorious defense to the Lynch suit, which the defendants negligently failed to interpose, and that she would not have recovered a judgment, or that such judgment would have been for a much less amount, if the defendants had not failed to discharge the duties of their employment.

[5] We are satisfied that this conclusion is in accord with the weight of authority, although there is some conflict in the reported decisions. Among the cases which sustain the views we have expressed are Harter v. Morris, 18 Ohio St. 492; Bruce v. Baxter, 7 Lea (Tenn.) 447; Spangler v. Sellers (C. C.) 5 Fed. 822; Staples v. Staples, 85 Va. 76, 7 S. E. 199; Goldzier v. Poole, 82 Ill. App. 469; Vooth v. McEachen, 181 N. Y. 29, 73 N. E. 488, 2 Ann. Cas. 601; Gabbert v. Evans, 184 Mo. App. 283, 166 S. W. 635. The rule established by these cases is to the effect that suits against attorneys for negligence are governed by the same principles as apply in other negligent actions. If an attorney, in disregard of his duty, neglects to appear in a suit against his client, with the result that a default judgment is taken, it does not follow that the client has suffered damage, because the judgment may be entirely just, and one that would have been rendered notwithstanding the efforts of the attorney to prevent it. It is said that

there is a difference between the case of an attorney who fails to do anything for his client, and one who makes an inexcusable mistake in attempting to comply with instructions; but we do not perceive any basis in principle for such a distinction. In either case the burden is upon the client to prove the damages he has suffered. Some of the cases hold that nominal damages may be recovered if the attorney fails to do anything whatever; but such a holding would not avail the plaintiff here, because upon that theory the amount involved would be insufficient to give the court jurisdiction. Vance v. Vandercook, 170 U. S. 468, 18 Sup. Ct. 645, 42 L. Ed. 1111. In that case the Supreme Court said:

"In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that, if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the declaration at a larger sum. Barry v. Edmunds, 116 U. S. 550, 560 [6 Sup. Ct. 501, 29 L. Ed. 729]; Wilson v. Daniel, 3 Dall. 401, 407 [1 L. Ed. 655]."

[6] As above stated, the original declaration was held demurrable because it did not allege that there was a meritorious defense to the Lynch suit which would have defeated recovery, or reduced the amount of the judgment, if the defendants had not failed to perform their duty. The amended declaration likewise omits these averments, and plaintiff contends that the necessity for making them is avoided by the added allegations of the amendment, the substance of which has been already recited. The contention advanced is set forth in the brief as follows:

"It must be borne in mind, however, that this suit is not by the defendant against whom the default judgment was rendered, but is by a casualty company with a limited liability, and the obligation to defend. This is important because it makes it unnecessary to charge that the actual defendant had a good defense to the action in which the default judgment was rendered. The defense which the attorneys were employed to make, if proper skill was used in and attention given thereto, would not affect the liability of the casualty company as to any sum above the $5,000 maximum liability under the policy."

It will thus be seen that under the amended declaration plaintiff seeks only to recover what it paid out in satisfaction of the default judgment in excess of its contract liability of $5,000. The right to recover this excess is based on the ground that, if plaintiff had performed its obligation to defend the Lynch suit, the extent of its liability would have been $5,000, even if there were no defense to that suit; that this obligation to defend was committed to defendants; and that by reason of their neglect the plaintiff suffered damages to the amount of the difference between $5,000 and the sum actually paid in satisfaction of the default judgment. It is sought in this way to avoid the necessity of proving that there was a meritorious defense to the Lynch suit. Indeed, the plaintiff says in effect that it does not at all matter whether or not there was a defense to that suit, since the defendants knew or should have known the character and extent of its obligation, and are therefore liable for the excess over $5,000.

We are persuaded that this contention, however plausible, will not bear the test of close examination. The declaration avers that the

plaintiff, by virtue of its contract of insurance, was under an absolute liability of $5,000, and also under a contingent liability arising out of its obligation to defend any suit against the insured. It does not attempt to recover the $5,000 paid on account of its absolute liability, because for that purpose it would have to show that the judgment would have been for less than $5,000 if the attorneys had defended the suit. But it says that it would not have been obliged to pay in excess of the $5,000, which was paid on account of its absolute liability, except for the negligence of defendants, as it was compelled to pay this excess because of the breach of its obligation to defend. But the difficulty is that the declaration fails to allege any facts which show that the plaintiff was under obligation to pay in excess of $5,000. True, the declaration alleges that by reason of the negligence of defendants the plaintiff breached its contract to defend any suit against the camping company, and that in consequence it was compelled to pay the default judgment. But the allegation that it was compelled to pay the default judgment is clearly a non sequitur, because no facts are stated which show how or why it was compelled to pay that judgment, except the averment that it violated its obligation to defend the suit. This is at best a mere conclusion of law without the disclosure of any facts which justify the conclusion.

It seems evident that the contingent liability of plaintiff for breach of contract to defend the Lynch suit could not exceed the damages suffered by the camping company because the suit against it was not defended; and manifestly that damage is the difference between the default judgment and the judgment which would have been rendered if the suit had been properly defended. But if there was no defense to that suit, and none of any sort is alleged by the plaintiff, there would be no difference because on that assumption the default judgment is the same as or no greater than the judgment which would have been recovered if defense had been made, and therefore no damage has been suffered by the camping company. If this be a correct analysis of the situation, it follows that the default judgment, so far as it exceeded $5,000, was paid without legal liability and cannot be recovered from defendants.

[7, 8] This appears from another point of view. If the camping company sued plaintiff to recover the amount of the default judgment, it would have to allege and prove, in order to recover more than $5,000, substantially the same facts that we think the plaintiff must allege and prove in this action. In either case, it would be necessary to allege and prove a meritorious defense to the Lynch suit. In other words, it comes to the question of which party must assume the burden of proof, and we are constrained to hold that the burden is upon the plaintiff to show that Mrs. Lynch did not have a valid claim against the camping company for $15,000, and that she would have failed to secure a judgment, or only secured one for a less amount, if her suit had been defended. For this reason we are of opinion that the new averments in the amended declaration do not avoid the necessity of alleging and proving that there was a meritorious defense to the Lynch suit, which if duly interposed would have defeated the action or re-

duced the judgment, and the amended declaration is therefore demurrable because it does not so allege.

[9] The remaining question needs but a word of comment. We are convinced that the court below did not err in refusing to allow plaintiff to further amend its declaration by striking out the following averment:

"Plaintiff avers that it could have compromised and settled the claim upon which the said action of Gail V. Lynch against Wylie Permanent Camping Company was instituted by the payment of a sum of money not in excess of $2,000, up to the time that the default judgment was rendered in said action as hereinafter set forth."

It is not shown that this allegation was inadvertently made, or that it is not in precise accordance with the facts. Moreover, in one aspect of the case, the facts averred would defeat plaintiff's right to recover, if there were no meritorious defense to the Lynch suit, because the jurisdictional amount would not then be involved. The state and federal statutes quoted by plaintiff are clearly designed to prevent injustice on account of formal defects in pleading, and to permit liberal amendments to cure such defects; and this purpose is emphasized in the authorities cited. We have carefully examined these statutes and decisions and are satisfied that they do not support the plaintiff's contention.

Affirmed.