## CIRCUIT COURT OF HENRICO COUNTY

Robert Edward Mosby

v.

Mary E. Cox

July 14, 1988

Case No. 87L58

By JUDGE JAMES E. KULP

This case was tried before the Court without a jury, on June 28, 1988, at which time the Court took the matter under advisement. After mature consideration of the evidence, the Court renders this opinion.

This case arises from a claim by plaintiff that he had retained the defendant to represent him in a civil case in the City of Richmond. The civil suit arose from a detinue action by plaintiff's former wife.

There is some conflict in the evidence whether defendant had been retained to represent plaintiff in the civil case. Plaintiff went to see the defendant in May 1984, and discussed both the civil case and a criminal matter. Defendant testified that while she quoted a fee for the civil case, plaintiff never paid any fee for the civil case. Plaintiff disputes this by testifying he had paid the fee for the civil case. The Court does not have to resolve this conflict in the evidence, since the evidence establishes that defendant appeared on behalf of the plaintiff on the return date of the civil case and set the case for trial for October 11, 1984. The evidence further establishes that the defendant filed an action

on behalf of plaintiff which was treated as a counterclaim and joined for trial with the civil case on October 11, 1984. The Court finds that these actions by the defendant made her counsel of record for the plaintiff in the civil case brought by the plaintiff's former wife. At trial defendant conceded that an attorney-client relationship had been established.

The evidence further established that neither the plaintiff nor the defendant appeared for trial on October 11, 1984, and a default judgment was entered against plaintiff in the amount of $6,600 and costs. Plaintiff later retained William W. Muse in an unsuccessful attempt to have the case reopened. Plaintiff has paid $7,443.00 to satisfy the judgment.

Plaintiff testified that he had no contact with the defendant after the May, 1984, meeting and was unaware of the October 11, 1984, trial date. Defendant testified that a letter had been prepared advising plaintiff of the trial date. (See Defendant's Exhibit E). There was no evidence the letter was mailed to the plaintiff, and he has denied receipt of any such letter. Several of defendant's secretaries testified that they attempted to contact plaintiff at his place of employment, but there was no evidence that plaintiff had received these messages. Yolanda Brown testified that plaintiff called the defendant's office and made an appointment. Defendant's Exhibit F, however, would refute this testimony. While Defendant's Exhibit F shows some calls from the plaintiff, there were none listed between the critical dates of June 20, 1984, the return date; and October 11, 1984, the trial date. Based upon this evidence the Court finds that the plaintiff was never notified of the October 11, 1984, trial date.

Undoubtedly, once defendant undertook to represent the plaintiff she had a duty to protect his interests and to represent him zealously within the bounds of the law. Defendant could not withdraw from this representation without leave of court after appropriate notice to the plaintiff. *See* DR 2-108(c); Rule 1:5, Rules of Virginia Supreme Court. Defendant's explanation that she thought plaintiff must have retained other counsel when he did not return to her office, and that it was the practice in the General District Court to allow withdrawal without

leave of court cannot be accepted. For this Court to accept defendant's explanations would be to sanction conduct specifically prohibited by the Rules and the Code of Professional Responsibility.

The Court finds that the failure of defendant to appear in Court on October 11, 1984, to represent the plaintiff was in disregard of her duty as an attorney, and this neglect to appear resulted in a default judgment being entered against the plaintiff.

Such a finding, however, does not end the inquiry. As stated by the Virginia Supreme Court in *Allied Productions v. Duesterdick*, 217 Va. 763, 765 (1977):

> If an attorney, in disregard of his duty, neglects to appear in a suit against his client, with the result that a default judgment is taken, it does not follow that the client has suffered damage, because the judgment may be entirely just, and one that would have been rendered notwithstanding the efforts of the attorney to prevent it. . . .
>
> [T]he burden is upon the client to prove the damages he has suffered.

At the hearing in this case the plaintiff introduced evidence, that during the divorce proceedings with his former wife, the parties had entered into an agreement concerning the disposition of their personal property, which agreement had been incorporated into an order of the Court. *See* plaintiff's Exhibit 1 and Judge E. Ballard Baker's letter of May 10, 1983, contained in Case No. 81C1085 Henrico Circuit Court. This is the very property over which the plaintiff was being sued upon by his former wife.

In this Court's opinion, once it was determined that the subject matter of the civil suit related to the personal property of the parties, any competent attorney would have discovered the existence of the agreement referred to above. This agreement provided that plaintiff's former wife was to have the furniture in the living room and the sewing machine. The plaintiff was to get the 1980 Volkswagen and the 1973 Cadillac. An examination of the suit papers in the civil case makes clear that

plaintiff's former wife was making a claim for the Volkswagen as well as furniture not in the living room. The agreement gave the plaintiff a good defense to a substantial portion of the suit against him. The Court finds that defendant's failure to perform her professional duties has allowed a default judgment to be entered against the plaintiff and deprived him of his right to interpose a substantial defense to the suit against him.

An examination of the suit papers in the civil case establishes that plaintiff had a defense to property valued at $5095.00 (*See* Plaintiff's Exhibits 2 and 4). Accordingly, the Court will enter judgment for the plaintiff in the amount of $5095.00.