## CIRCUIT COURT OF FAIRFAX COUNTY

Paul Haddad

v.

Michael A. Mays

### Case No. (Law) 87096

By JUDGE RICHARD J. JAMBORSKY

July 7, 1989

This matter is before the Court on the Defendant Michael A. Mays's demurrer and motion for partial summary judgment to Plaintiff Paul Haddad's amended motion for judgment for legal malpractice.

In support of his demurrer, the Defendant argues that the damages prayed for in Count I were not proximately caused by the Defendant's negligence. The Court finds that the amended motion for judgment has not sufficiently alleged proximate cause of damages, as required by the Supreme Court in *Allied Productions, Inc. v. Duesterdick*, 217 Va. 763 (1977). The Plaintiff has alleged that he had a good cause of action and a strong probability of recovery. However, the Plaintiff has failed to allege that the outcome of the litigation would have been different. *Stewart v. Hall*, 770 F.2d 1267 (4th Cir. 1985). The demurrer to Count I is sustained with leave to amend.

In support of his motion for partial summary judgment, the Defendant argues that the retainer agreement made by the parties did not provide that the representation would continue through trial and after until the case was completed, as alleged by the Plaintiff. The agreement submitted by the Defendant and deemed admitted by the Plaintiff provides for representation with regard to "any

and all business and personal legal matters as necessary and upon request." The Court cannot rule as a matter of law that the retainer agreement did not provide for representation through the trial. The interpretation of the contract is a fact question which cannot be determined by summary judgment. The motion for summary judgment to Count II is denied.

September 18, 1989

This matter is before the Court on Defendant Michael A. Mays's demurrer to Count I of Plaintiff Paul Haddad's second amended motion for judgment for legal malpractice.

In support of his demurrer, Mr. Mays argues that Mr. Haddad has not sufficiently alleged proximate cause of damages; Mr. Mays also argues that Mr. Haddad cannot cure this defect. The Court has reconsidered and concluded that Count I still does not comply with *Allied Productions, Inc. v. Duesterdick*, 217 Va. 763 (1977). Mr. Haddad has still not sufficiently alleged that Mr. Mays's actions proximately caused the $2,000,000.00 damages claimed. This was Mr. Haddad's third attempt at pleading this count; the Court will not grant him a fourth opportunity to correct the deficiency. The demurrer to Count I is therefore sustained without leave to amend.