**Antonio B. SAMPANG, Plaintiff,**

v.

**Robert W. DETRICK, Defendant.**

**Civ. A. No. 92–0136–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Aug. 19, 1993.

Nunc pro tunc July 13, 1993.

---

Antonio Sampang, pro se.

Robert Wayne Detrick, Bristol, VA, for defendant.

## CORRECTED MEMORANDUM OPINION

WILSON, District Judge.

This is an action for legal malpractice by Dr. Antonio B. Sampang, pro se, against Robert W. Detrick, a lawyer who represented him in a criminal case in this court.[1] Sampang is a citizen of California, and Detrick is a citizen of Virginia. As there is diversity of citizenship and more than $50,-000.00 in controversy exclusive of interests and costs, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. At trial the court found that Sampang failed to offer sufficient evidence of negligence and found that Sampang's own actions were the proximate cause of his injuries. The court, therefore, granted judgment to Detrick. This opinion memorializes that decision.

### I.

In 1990 Sampang, a medical doctor, and two co-defendants were charged in a thirty-two count indictment with conspiracy to distribute and with distribution of controlled substances outside the course of legitimate medical practice and without legitimate medical need.[2] The defendants pled not guilty and proceeded to trial. While the trial was in progress, a plea bargain was reached. The three defendants each agreed to plead guilty to a single count in exchange for dismissal of the remaining counts. The court advised Sampang, who pled guilty to count 29, of the offense to which he was pleading, the penalties provided by law for that offense, his right to plead not guilty, the panoply of rights associated with a not guilty plea, that a plea of guilty was a waiver of those

---

1. *See United States v. Sampang*, No. 89–160 (W.D.Va. May 17, 1990).

2. The original indictment, filed December 15, 1989, contained 29 counts. The government then filed a superseding indictment on May 17, 1990.

rights, and that a guilty plea was an admission that he did the acts alleged. As to the latter of these matters, the court informed Sampang:

A plea of guilty is an admission here in open court before everyone in the courtroom that you did those things charged in the count to which you are pleading guilty.

(Tr. Guilty Plea at 37.) The court then questioned him thoroughly to ensure that the plea was knowing and voluntary, and during that questioning asked Sampang if, as charged in count 29, he distributed controlled substances without a "real medical reason for doing so." Sampang responded, "Yes, sir." The court found that Sampang was pleading guilty freely and voluntarily without any threats, promises, compulsion, or duress "other than the plea agreement that ha[d] been negotiated" and that Sampang understood the consequences of his plea. Accordingly, the court accepted Sampang's plea of guilty to count 29. The court discharged the jury and set a sentencing date.

The next day Sampang reconsidered his decision to plead guilty. According to his trial testimony, Sampang then attempted without success to contact Detrick. At sentencing Sampang claimed that he was innocent and sought to withdraw the plea. The court reiterated its finding that Sampang's plea was knowing and voluntary and supported by an adequate basis in fact and, therefore, denied Sampang's motion to withdraw the plea. The court then sentenced Sampang to two years probation and a $17,-500.00 fine. The court of appeals affirmed the decision to deny the motion to withdraw the plea and affirmed the court's judgment and sentence.

Sampang subsequently brought this action against Detrick for legal malpractice,[3] alleging that Detrick had a conflict of interest because he also represented a police informant in an unrelated murder case (who Sampang referred to as a "government killer"); that Detrick conspired with the Assistant United States Attorney who prosecuted Sampang; that his decision to plead guilty "was done in haste and confusion" and that Detrick "ram[med] it down [his] throat" even though he knew Sampang was innocent; and that Detrick avoided him and refused to return his phone calls after the plea was entered. The court liberally construes the last allegation as a claim that Detrick should have attempted earlier to withdraw the guilty plea. At trial Sampang chronicled a host of injuries he purportedly incurred because of Detrick's alleged malpractice.

## II.

To recover in Virginia for legal malpractice, Sampang had the burden of proving "(1) [Detrick's] employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of [Sampang's] loss." *Byrd v. Martin, Hopkins, Lemon and Carter, P.C.,* 564 F.Supp. 1425, 1427 (W.D.Va.1983), aff'd, 740 F.2d 961 (4th Cir.1984); *see also Allied Productions, Inc. v. Duesterdick,* 217 Va. 763, 232 S.E.2d 774, 775 (1977).[4] Sampang proved neither the second nor the third element as to any allegation.

### A. Negligence

Sampang produced no evidence at trial supporting the several instances of neglect he alleged. He produced no evidence that Detrick had a conflict of interest. In support of the claimed conflict Sampang testified that Detrick represented a defendant in an unrelated criminal case during the same period of time Detrick represented Sampang and that the defendant in the unrelated case was cooperating with the government in matters having nothing to do with Sampang. Obviously, that evidence does not remotely suggest that Detrick had a conflict

---

**3.** The present action is in addition to a multitude of other avenues Sampang claims to have taken in order to rectify the perceived injustice inherent in his conviction. These other actions include petitioning for a writ of certiorari to the United States Supreme Court, writing letters to major newspapers throughout the country, and seeking the aid of Justice Souter and Attorney General Janet Reno. Not surprisingly, none of these avenues have been availing to this point in time.

**4.** Sampang also seemed to imply intentional misconduct by Detrick. However, Sampang's exhibits and his testimony at trial failed to yield a shred of evidence of intentional wrongdoing.

of interest. Sampang, likewise, produced absolutely no evidence to support the allegations that Detrick inappropriately colluded with the prosecutor or that Detrick coerced Sampang into entering the plea knowing that he was innocent. Although, taken in the light most favorable to Sampang, there was some evidence that Sampang had difficulty reaching Detrick after he pled guilty, that evidence fell short of demonstrating "neglect of a reasonable duty." Negligence is not self-proving. Sampang had already pled guilty and admitted in open court that he distributed controlled substances without a valid medical reason. Under the circumstances, whether Detrick was neglectful in not moving earlier to withdraw the plea required expert testimony as to the standard of care. *See Focus Investment Ass'n, Inc. v. American Title Ins. Co.,* 992 F.2d 1231 (1st Cir.1993); *Cianbro Corp. v. Jeffcoat and Martin,* 804 F.Supp. 784, 791 (D.S.C.1992); *Carlson v. Morton,* 229 Mont. 234, 745 P.2d 1133 (1987). *See generally, Rogers v. Marrow,* 243 Va. 162, 413 S.E.2d 344 (1992).

### B. Proximate Cause

■ The court also finds that Sampang's malpractice claim fails because he did not prove that Detrick's conduct injured him. "In a legal malpractice action, the fact of negligence alone is insufficient to support a recovery of damages. The client must prove that the attorney's negligence proximately caused the damages claimed." *Campbell v. Bettius,* 244 Va. 347, 421 S.E.2d 433, 436 (1992).[5] All of Sampang's alleged injuries are nothing other than the adverse consequences resulting from his conviction. It is clear from the uncontroverted facts that Sampang's statements in open court while pleading guilty, rather than the alleged negligence of his counsel, were the sole proximate cause of those injuries. Thus, even if Sam-

pang had proven that Detrick was negligent, that negligence would be too remote to be a proximate cause of Sampang's injuries. *Cf. Williamson v. Old Brogue, Inc.,* 232 Va. 350, 350 S.E.2d 621, 623 (1986) (finding the act of selling alcohol to a driver who became intoxicated and injured plaintiff to be too remote to be the proximate cause of plaintiff's injuries).

Sampang concedes that Detrick was adequately prepared for trial and that Detrick made it clear to him that the decision whether or not to plead guilty was Sampang's and Sampang's alone. It is equally important, however, that before accepting the plea the court advised and questioned Sampang as required by Rule 11 of the Criminal Rules of Procedure.[6] The court fully and completely apprised Sampang of his rights and questioned him to assure that his plea was entered freely, voluntarily, and intelligently without any threats, coercion, or promises apart from the plea bargain.[7] In the course of that questioning, Sampang freely admitted that he distributed controlled substances without a valid medical reason.

■ Although the Supreme Court of Virginia does not appear to have addressed the precise question, several courts that have addressed the question have held in factually similar contexts that a plaintiff's *voluntary* statements in the guilty plea colloquy that result in conviction, rather than the advice given by counsel, are the cause of the plaintiff's injuries. *See Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107, 112 (1978); *Hockett v. Breunig,* 526 N.E.2d 995, 999 (Ind. Ct.App.1988); *Schlumm v. Terrence J. O'Hagan, P.C.,* 173 Mich.App. 345, 433 N.W.2d 839, 847 (1988). The court agrees and for

---

5. *See also Stewart v. Hall,* 770 F.2d 1267, 1269 (4th Cir.1985); *Duvall, Blackburn, Hale & Downey v. Siddiqui,* 243 Va. 494, 416 S.E.2d 448, 450 (1992); *Allied Productions, Inc. v. Duesterdick,* 217 Va. 763, 232 S.E.2d 774, 775 (1977).

6. It is not without purpose that Rule 11 requires the court to address its questions to the defendant, rather than to defendant's counsel.

7. [I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant. *U.S. v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc).

that additional reason sustains Detrick's motion for judgment as a matter of law.[8]

### III.

If it may be said that a plea of guilty is "a grave and solemn act to be accepted only with care and discernment," *Brady v. U.S.*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970), it also may be said that a plea accepted with care and discernment, as in the present case, should be subjected to collateral attack only for the most compelling reasons.[9] Even though couched in terms of legal malpractice, the heart of Sampang's claim is his current profession of innocence, a profession that rings hollow in light of Sampang's earlier statement in open court that he distributed controlled substances without a valid medical reason.

For the foregoing reasons, the court grants judgment to Detrick as a matter of law.

---

**8.** As previously stated, the court has construed liberally Sampang's complaints arising after he pled guilty to include the claim that Detrick should have attempted earlier to withdraw the guilty plea. The motion to withdraw Sampang's guilty plea was denied, however, not because of delay, but because the court found that Sampang freely and voluntarily entered the plea. The court of appeals affirmed, stating:

> Subsequent to pleading guilty Sampang apparently had a change of heart and concluded that his conduct did not fall within the proscriptions of § 841(a)(1). He raised this contention for the first time at the time of sentencing. A trial court does not abuse its discretion in refusing to give weight to a self-serving, unsupported claim of innocence raised for the first time, as in this case, after the Fed.R.Crim.P. 11 hearing. *United States v. Ramos*, 810 F.2d 308, 313 (1st Cir.1987).

> The district court conducted a full hearing in accordance with Fed.R.Crim.P. 11. The court found Sampang's plea to be both knowing and voluntary and supported by an adequate basis in fact. We find that the court did not abuse its discretion by failing to credit Sampang's subsequent denial of criminal responsibility. *U.S. v. Sampang*, 956 F.2d 263 (4th Cir.1992). Thus, the alleged act of malpractice—delay in moving to withdraw the plea—did not cause the injury—denial of the motion to withdraw.

**9.** In Virginia, a criminal judgment has no preclusive effect in later civil proceedings. *Selected Risks, Ins. Co. v. Dean*, 233 Va. 260, 355 S.E.2d 579 (1987); *see also U.S. v. Turner*, 933 F.2d 240, 243 n. 2 (4th Cir.1991). The accused's statements in the guilty plea colloquy, however, may be controverted by the accused in a later habeas proceeding only for the most compelling reasons. *Anderson v. Warden of Powhatan Correctional Center*, 222 Va. 511, 281 S.E.2d 885, 888 (1981).