# CIRCUIT COURT OF LOUDOUN COUNTY

Carlos R. Laguna

v.

Robert William Wallace et al.

August 4, 2004

Case No. (Law) 29885

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on July 9, 2004, for argument on the Demurrers of Defendants Robert William Wallace, Harvey Dove, d/b/a H. A. Dove & Sons ("Dove"), and S & N Communications, Inc. ("S & N"), to the Second Amended Motion for Judgment.

For the reasons that follow, the Demurrer of Wallace is overruled, except that it is sustained as to the claims against him in Count III of the Second Amended Motion for Judgment. Also, the Demurrer of Dove and S & N is sustained as to Counts V and VI, as to any claim that they are liable for the negligent acts of Wallace and Mitchell under the doctrines of *respondeat superior* and agency, and as to any claim that they are liable for negligent hiring and retention merely because of the negligent acts of Wallace and Mitchell. These rulings are explained in more detail below. Also, the request by Wilson's counsel to consider an oral demurrer is denied.

The Second Amended Motion for Judgment is lengthy (108 paragraphs), repetitious, and inconsistent in parts. It contains six counts alleging various types of tortious conduct, from negligent to intentional acts, against six different defendants.

After reading all 108 paragraphs and 29 pages of the Second Amended Motion for Judgment, the facts alleged are as follows.

Plaintiff was driving a dump truck, which he had rented from United Rentals, Inc. ("United") eastbound on Route 50 in Loudoun County on the morning of September 8, 2001. At the same time, Wallace and Defendant Chris Mitchell and other workers were using machinery both in the road and on the shoulder to clear overhead telephone wires of tree limbs and brush.

Plaintiff came over the crest of a blind hill and suddenly came upon the workers. He and another vehicle swerved to avoid hitting the workers. He collided with a tree on the opposite side of Route 50 causing damage to the rented dump truck.

Plaintiff had an agreement with United making him financially liable for all damage to the rental vehicle. He paid $8,100.70 to United for such damage. There is no allegation of when he paid United. Plaintiff was thereafter unable to rent any vehicles from United, and he alleges he suffered damages of $5,000.00 for his inability to rent from United.

Plaintiff alleges that:

1. Wallace and Mitchell were employees and/or agents of Defendant, Fred Wilson;

2. Wilson was an employee and/or agent of Dove;

3. Dove was an employee and/or agent of S & N, and Defendant, Verizon, Inc. ("Verizon"). Note that Plaintiff settled with Verizon, and his claims against it were dismissed by order entered March 30, 2004. Therefore, all claims of Plaintiff against Verizon are not considered herein.

Plaintiff's claims of tortious conduct are that:

1. All the Defendants were negligent for failing to monitor the state of the lines and the growth of trees and brush around them, failing to clear the lines earlier, allowing the lines to get dangerously overgrown in an area of Route 50 with narrow shoulders, in clearing the lines of trees and brush, in obstructing the road without adequate warnings during the line clearing operation, and making the road unsafe for drivers;

2. Wilson was negligent in his hiring and retention of Wallace and Mitchell as his employees and/or agents;

3. Dove was negligent in his hiring and retention of Wilson as his employee and/or agent;

4. S & N was negligent in its hiring and retention of Dove as its employee and/or agent;

5. Wilson, Dove, and S & N were negligent in not ensuring that the work done by their employees and/or agents was performed without negligence and with due regard for the safety of others.

In Counts I through IV the Plaintiff asks for $13,100.70 in compensatory damages and $300,000.00 in punitive damages on various theories of negligence. Count V alleges intentional misconduct in conscious disregard for the Plaintiff's rights and seeks only punitive damages of $300,000.00. Count VI alleges acts of recklessness in conscious disregard of the Plaintiff's rights and seeks only punitive damages of $300,000.00.

### Demurrer of Wallace

The Demurrer of Wallace is addressed below responding to each paragraph thereof in light of the argument of Wallace's counsel on July 9, 2004.

The first paragraph is merely a recitation of counsel's recollection of my rulings on the various demurrers to the Amended Motion for Judgment on March 5, 2004. I note that no order has been presented from my rulings. Mr. Horvath was to have done the order. I do not construe the first paragraph as stating any grounds for a demurrer to the Second Amended Motion for Judgment.

The second numbered paragraph (which is really two paragraphs) asserts that Plaintiff has failed to allege payment to United before the running of the two-year statute of limitations in this case. He further asserts that the failure to allege specifically when payment was made renders Plaintiff's claim for damages moot.

Wallace alleges in his Demurrer that an affidavit has been previously submitted to the Court from the accounts payable manager of United stating that it received no payment from Plaintiff prior to the date of which the statute of limitations had run. A defendant cannot assert a new matter in a demurrer. This is the classically impermissible "speaking demurrer." There is authority that such a demurrer should be stricken. *See, Smith v. General Motors Corp.,* 35 Va. Cir. 112, 113 (1994). I will not strike Wallace's Demurrer, but I will not consider the aforesaid affidavit.

The second paragraph numbered "2" (there are two paragraphs numbered "2") is similar to the prior paragraph in asserting that the failure of the Plaintiff to allege that he was actually financially damaged prior to the running of the statute of limitations must bar any recover for the same.

Wallace appears to argue that his right of action accrued on the date of the accident when the property damage occurred, but unless he was actually financially damaged by paying United before the statute of limitations ran, any recovery is barred. Wallace misses the point. The accident occurred on September 8, 2001. The Plaintiff filed suit on August 29, 2003, which is

clearly within the two-year statute of limitations that Wallace feels applies. As Wallace's counsel pointed out in argument, Plaintiff had to have known when the accident occurred that he would be obligated to pay damages to United. The original motion for judgment contained allegations of Plaintiff's obligation to pay damages under the agreement with United.

Wallace seems to be arguing that a plaintiff can only recover for damages incurred during the period of the applicable statute of limitations. This is clearly not the law. If this were the law, then a plaintiff injured at the hands of a negligent driver would be able to recover for medical expenses incurred for only two years after the date of the accident. We know this is clearly not the law.

Or perhaps Wallace thinks that the Plaintiff's right of action must accrue within the applicable period of the statute of limitations after the accident or he cannot recover. This is not the law, either.

Wallace does not appreciate the distinction between cause of action and right of action. Certainly damage is an essential element of a cause of action. Without some damage, however slight, a cause of action cannot accrue. *Keller v. Denny*, 232 Va. 512, 520 (1987). The event that triggers the running of the statute of limitations is when the right of action accrues. Under Va. Code § 8.01-230 the right of action is deemed to accrue and the prescribed limitation period begins to run from the date of the damage to property. A right of action cannot arise until a cause of action exists. *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 368 (1986). Further, it is immaterial whether all the damages resulting from a negligent act were sustained at the time that the act occurred. The running of the limitations period is not tolled by the fact that the actual or substantial damages did not occur until a later date. *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 839 (1954).

In this case the Plaintiff incurred damages when the accident occurred because he then became obligated to pay damages to United under the rental agreement. His cause of action arose when the accident occurred, and, accordingly, his right of action accrued. He filed suit within the two-year statute of limitations, which Wallace says applies. His claim for damages arising from the rental agreement is not time barred under the two-year statute of limitations that Wallace asserts is applicable.

I express no opinion on the applicable statute of limitations.

Also, Wallace's Demurrer on this ground must be overruled because a demurrer is not the proper pleading by which to raise an affirmative defense of the running of the statute of limitations. It should be raised in an affirmative defense in a responsive pleading. See Va. Code § 8.01-235.

In the paragraph numbered "3," Wallace raises a variety of points as to Count III of the Second Amended Motion for Judgment. First, he argues that Count III is insufficient because it alleges a theory of negligent clearing of brush by Wallace without stating any facts therein. Although Count III asks for a judgment against Wallace, it alleges only a claim against Wilson for the negligent hiring and retention of Wallace and Mitchell. I agree with Wallace, and his Demurrer to Count III is sustained. I find that the Plaintiff has stated no cause of action against Wallace in Count III. Because I find that Count III does not state a claim against Wallace, there is no need to address the other points raised. Count III is dismissed with prejudice as to Wallace.

In the paragraph numbered "4," relating to Count IV, Wallace merely points out that the Plaintiff has again alleged a cause of action based upon an "agency through agency" theory that I did not accept when ruling on the prior demurrers to the Amended Motion for Judgment. Count IV does not seek a judgment against Wallace. There was no need for Wallace to address Count IV in his Demurrer.

In the paragraph numbered "5," relating to Count V, Wallace argues that there is no cause of action for negligent clearing of brush or tree lines. Wallace misses the point of Count V. It is not a claim of negligently clearing the lines; it is a claim of negligence relating to the use of the highway while doing the line clearing work. Counsel misunderstood what I said in March 2004. I did not say that there is no cause of action for "negligent clearing of brush or tree lines." What I said was that I see no duty upon a utility owed to the users of the highway to trim trees or brush from utility lines running along or over the highway.

Any person actually clearing the lines of trees and brush while on or near a highway has a duty to exercise due care to protect the users of the highway. Any employer of such person would be liable under the doctrine of *respondeat superior* if the clearing was done in the course of employment.

Wallace's Demurrer is overruled except that it is sustained as to any claim against him in Count III. No further leave to amend is granted. Count III is dismissed as to Wallace with prejudice.

### *Demurrer of Dove and S & N*

Each ground of this Demurrer is addressed below.

First, Dove and S & N argue that the Plaintiff has not alleged facts to support an award of punitive damages. I disagree. Plaintiff has alleged that the Defendants obstructed the highway without warning ("no warning or notice of obstruction was given", see paragraph 23 of Second Amended Motion for

Judgment) to drivers in order to conduct their line clearing work. If a lack of warning of a commercial line clearing operation on a highway is proven at trial, then an award of punitive damages should be considered by the trier of fact.

I construe the Demurrer of Dove and S & N to apply to all requests for punitive damages in the Second Amended Motion for Judgment. Plaintiff requests punitive damages in all six counts. In Counts V and VI, he only requests punitive damages.

It is elementary that an award of compensatory damages, which are not claimed in Counts V and VI, is an indispensable predicate for an award of punitive damages. *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 159 (1984); *Zedd v. Jenkins*, 194 Va. 704, 706 (1953).

The Demurrer is sustained as to Counts V and VI. No further leave to amend is granted. Counts V and VI are dismissed with prejudice as to Dove and S & N.

Secondly, Dove and S & N assert that they cannot be liable for the negligent acts of Wallace and Mitchell under the doctrine of *respondeat superior*. I agree. I expressed this opinion in ruling on the demurrers to the Amended Motion for Judgment. Wallace and Mitchell were hired by Wilson, not by Dove or S & N. There is no allegation that Dove or S & N had control over or directed Wallace and Mitchell in the line clearing work. Plaintiff has not alleged that Dove or S & N were negligent in the clearing the lines. The Demurrer of Dove and S & N is sustained on this ground.

Thirdly, Dove and S & N assert that they cannot be held liable for the negligent acts of Wallace and Mitchell under an agency theory. I agree. I expressed this opinion in ruling on the demurrers to the Amended Motion for Judgment. Plaintiff alleges that Dove was an agent of S & N and that Wilson was an agent of Dove. The negligent acts were committed allegedly by Wallace and Mitchell, who were agents of Wilson. Virginia law does not extend liability on an agency theory to an agent of an agent (subagent) or an agent of an agent of an agent (sub-subagent). The Demurrer is sustained on this ground.

For a fourth ground, Dove and S & N argue that they cannot be held liable for negligently hiring or retaining Wilson (in the case of Dove) and Dove (in the case of S & N) merely because of the negligent acts of the employees and/or agents of Wilson. I agree. Virginia does not recognize such a cause of action. The Demurrer of Dove and S & N on this ground is sustained.

Dove and S & N also assert that any claim by Plaintiff against them on theories of negligent hiring and/or retention are time-barred because such

claims were first asserted in the Amended Motion for Judgment filed on January 30, 2004, more than two years after the date of the accident, September 8, 2001. I explained above that a demurrer is not the proper pleading by which to assert the affirmative defense of the statute of limitations. Their Demurrer is overruled on this ground.

Fifth and lastly, Dove and S & N assert that Plaintiff has not alleged that he suffered legal injury or damage. Citing *Allied Productions v. Duesterdick*, 217 Va. 763 (1977), and *Shipman v. Kruck*, 267 Va. 495 (2004), they argue that Plaintiff cannot have sustained a legal injury or damage unless a judgment has been entered against him in favor of United. I disagree. *Duesterdick* and *Kruck* are attorney malpractice cases. *Kruck*, which overrules *Duesterdick*, does not state that a judgment is required.

Plaintiff has sufficiently alleged that he suffered damages, as a result of the accident, in two forms: (1) damage he was contractually obligated to pay to United on account of the damage to the rental vehicle sustained in the accident and (2) the increased cost to rent vehicles from other rental companies because United would not allow him to rent vehicles from it after the accident. Their Demurrer is overruled on this ground.

### Request by Wilson as to Pleadings

At the conclusion of the argument on the Demurrers of Wallace and Dove and S & N, counsel for Wilson asked me to consider that Wilson had filed a demurrer asserting non-liability because Wilson was not on the line clearing job when the negligent acts allegedly took place. I decline to do so. Wilson has not filed a demurrer. He only filed an answer on April 9, 2004. There is no authority for a court to consider an oral demurrer.