## CIRCUIT COURT OF FAIRFAX COUNTY

Wade A. Campbell
and Beula W. Campbell

 v.

Marc E. Bettius et al.

 Case No. (Law) 86564

Raymond L. Campbell
and Aurelia P. Campbell

 v.

Marc E. Bettius et al.

 Case No. (Law) 86566

 February 28, 1989

By JUDGE RICHARD J. JAMBORSKY

 These consolidated cases are before the Court on the Defendants' motion to dismiss and demurrer to the motion for judgment argued before this Court on December 2, 1988. It is this Court's opinion that the motion to dismiss should be denied while the demurrer should be sustained in part and overruled in part.

96

## Motion to Dismiss

The Defendants argue in their motion to dismiss that because "the Plaintiffs' claims set forth in the Motion for Judgment were the subject of prior proceedings in which the case was tried to a jury and resulted in a verdict adverse to the Plaintiffs" that this Court should grant the motion to dismiss.

It appears that the Defendants are relying on the doctrine of res judicata as the grounds for the motion to dismiss. Virginia case law indicates that in order for the doctrine of res judicata to be applicable, the second suit must involve both the same parties and the same cause of action as involved in the former suit. *Wright v. Castles*, 232 Va. 218 (1986). These requirements have not been met in the case at issue.

The former suit was clearly between different parties as it was filed by the Campbells against James L. Brehony and Frederick M. Lacey (personal guarantors on the note), while the present suit is between the Campbells and Marc Bettius (the attorney who represented the Campbells in the former suit). In addition, the causes of actions in each suit are different; the former suit involved the remaining liability of Brehony and Lacey as personal guarantors on the notes which were transferred to Dominion Federal Savings & Loan (DFS&L) by the Plaintiffs, while the present case has been brought to determine the Defendants' attorney's liability for allegedly faulty advice regarding the conveyance of the notes of DFS&L. Based on the differences in parties and matters to be resolved, the motion to dismiss is denied.

## Demurrer

### Count I: Breach of contract -- legal malpractice

It appears from Count I of the Motion for Judgment that the Defendant has breached the attorney-client contract for two reasons: (1) faulty legal advice in advising the Plaintiffs that they could still maintain a suit for the additional 20% against the personal guarantors (Brehony and Lacey) even though they transferred the note to DFS&L for 80% of its value, and (2) failure to advise the Plain-

tiffs that their claim of fraud against DFS&L had a better chance of recovery than other Plaintiffs involved in the suit against DFS&L.

The Defendants have demurred to this Count on the basis that the Plaintiffs have failed to allege that they would have recovered a sum greater than the settlement amount had the Plaintiffs pursued the claim.

The Virginia Supreme Court has specified those elements which must be alleged and proven by the Plaintiffs in a legal malpractice suit. These allegations include "(1) the attorney's employment; (2) his neglect of a reasonable duty; (3) such negligence resulted in and was the proximate cause of loss to the client." *Allied Productions v. Duesterdick*, 217 Va. 763 (1977), *see also Maryland Casualty Co. v. Price*, 231 F. 397 (4th Cir. 1916).

Paragraph 13 of the motion for judgment simply alleges that the Defendants failed to advise the Plaintiffs that they had a better chance of success against DFS&L because of a deceptive letter sent to the Plaintiffs than any of the other Plaintiffs. There is no allegation, however, that "but for" the Defendants' faulty advice, there would have been recovery against the DFS&L, and that such recovery would have been greater than 80% of the note (the settlement amount). Therefore, there is no allegation of proximate cause as required by *Allied Production* hence. The demurrer is sustained.

As to the allegation in Count I that the Defendants are liable for breach of contract due to advice that the Plaintiffs could maintain their rights and collect the remaining 20% of the note against the personal guarantors even though they transferred the note to DFS&L in return for 80% of its value, the demurrer should be overruled. The Plaintiffs have alleged (1) that this particular advice was given concerning the remaining 20% of the note, (2) that a subsequent suit was instituted by the Plaintiffs against the personal guarantors (Brehony and Lacey) to recoup the additional 20% in which a final judgment was rendered against the Plaintiffs. Clearly, the jury verdict is support for the allegation that the Defendants' advice was faulty. In light of the jury's verdict, it appears that the Plaintiffs have adequately alleged proximate cause as required by *Allied Productions*. At least as to that aspect of Count I, the demurrer is overruled.

98 

*Count II*

The Plaintiffs also allege that by telling the Plaintiffs that they still could maintain their rights and collect the remaining 20% on a note, such representations were "fraudulent, deliberate, malicious, and willful with gross negligence or with a wanton, willful, and reckless disregard." The Defendants demur on the grounds that the Plaintiffs have not specifically alleged facts which would support such allegations.

The Virginia Supreme Court in *Koch v. Seventh Street Realty Corp, et al.*, 205 Va. 65 (1964), required at least with regard to fraud that the particular facts supporting the fraud must be alleged. *Id.* at 71. Clearly, there are no facts set forth in the motion for judgment which support the claim of fraud nor are there facts alleged from which malice or deliberation may be inferred. The allegations are merely conclusory, and the demurrer is sustained.