## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen M. Jones

v.

Hyatt Legal Services

August 23, 1995

Case No. (Law) 136677

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Motion for Judgment. This case arises from Plaintiff's claim to recover damages resulting from Defendants' negligent failure to professionally and properly represent the interests of the Plaintiff in a prior case, *Thomas A. Clark et al. v. Stephen M. Jones*, Chancery No. 125870.

Plaintiff asserts that had Defendants properly represented Plaintiff's interests in the earlier case, it would have been dismissed; Plaintiff would not have a judgment against him for $1,160,000; Plaintiff would not have lost earnings and his business interest; and Plaintiff would have obtained injunctive relief and money damages of $1,160,000. Plaintiff demands judgment against Defendants for $1,700,000 plus interest and costs. Plaintiff argues that his claim for the previous judgment against him is proper pursuant to § 8.01-281 of the Code of Virginia. Further, the case cited by opposing counsel, *Allied Productions, Inc. v. Duesterdick*, 217 Va. 763, 232 S.E.2d 774 (1977), was decided prior to the amendments to the current Code and therefore does not apply to this issue.

Defendants argue that Plaintiff's allegations of future damages are not proper, and requests the Court to strike them from the Amended Motion for Judgment. Defendants base their argument on the Virginia Supreme Court's decision in *Duesterdick*.

### Alternative Claims

§ 8.01-281(A) states in pertinent part:

> A party asserting . . . a claim . . . may plead alternative facts and theories of recovery against alternative parties, provided that such claims . . . so joined arise out of the same transaction or occurrence. Such claim . . . may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability . . . .

§ 8.01-281(A) Code of Virginia. This section clearly allows Plaintiff to assert different claims under which he hopes to recover, because all the claims stem from Defendants' alleged negligent misrepresentation.

### Future Damages in Attorney Malpractice Cases

The Virginia Supreme Court, in 1977, stated that in order to recover damages for the negligence of his attorney, the client must prove the extent of the damages. *Duesterdick* at 764, 232 S.E.2d at 775. The Court continued:

> But until the client has made a payment on that debt he has suffered no actual loss or damage . . . . [W]hen a client has suffered a judgment for money damages as the proximate result of his lawyer's negligence such judgment constitutes actual damages recoverable in a suit for legal malpractice only to the extent such judgment has been paid.

*Id.* at 766, 232 S.E.2d at 776. In the instant case, Defendant argues Plaintiff's claim should be dismissed pursuant to the rule in *Duesterdick.*

However, § 8.01-281 Virginia Code was amended in 1981 to allow claims for "future potential liability."

§ 8.01-281(A) of the Code of Virginia, in 1977, read:

> A party asserting either a claim, counterclaim, cross-claim, or third-party claim or defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence.

The General Assembly amended and reenacted this section in 1981 to read:

> A party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out

*of the same transaction or occurrence. Such claim, counterclaim, cross-claim, or third-party claim may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability, and it shall be no defense thereto that the party asserting such claim, counterclaim, cross-claim, or third-party claim has made no payment or otherwise discharged any claim as to him arising out of the transaction or occurrence.*

§ 8.01-281 as amended in 1981 Va. Acts of the General Assembly of the Commonwealth of Virginia.

An important principle of statutory construction is that "[w]ords in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *City of Va. Beach v. Board of Supvrs.*, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993) (citation omitted).

According to the plain meaning of § 8.01-281, Plaintiff may bring many related claims, including those for "future potential liability." Plaintiff may include claims based on future payments he must make as a result of his attorney's alleged malpractice, because these payments are future potential liability of Plaintiff. *Cf. MacLellan v. Throckmorton*, 235 Va. 341, 367 S.E.2d 720 (1985) (claims arising out of same transaction or occurrence). Because this section of the Code was amended in 1981, it supersedes *Duesterdick*, decided in 1977.

Although *Duesterdick* has been cited with approval in recent cases, it has been cited specifically for the standard and elements of proof a party must meet to establish a *prima facie* case of legal malpractice. *See Goldstein v. Kaestner*, 243 Va. 169, 413 S.E.2d 347 (1992) (appropriate standard of review in legal malpractice cases); *Duvall, Blackburn, Hale & Downey v. Siddiqui*, 243 Va. 494, 416 S.E.2d 448 (1992) (burden of proof); *Campbell v. Bettius*, 244 Va. 347, 421 S.E.2d 433 (1992) (burden of proof); *Carstensen v. Chrisland Corp.*, 247 Va. 433, 442 S.E.2d 660 (1994) (elements of legal malpractice claim); *Hendrix v. Daugherty*, 249 Va. 540, 457 S.E.2d 71 (1995) (elements of legal malpractice claim).

Accordingly, this Court holds that Plaintiff may include in his Amended Motion for Judgment his claim for future damages he must pay as a result of his attorney's alleged malpractice.