## CIRCUIT COURT OF THE CITY OF NORFOLK

Noreen Lockney

v.

Matthew Vroom et al.

March 21, 2003

Case No. (Law) L02-1709

BY JUDGE CHARLES E. POSTON

Today, the Court sustains the plea in bar of Defendants Lascara, Lascara & Associates, and Pender & Coward with respect to all matters other than the workers' compensation claims and overrules the plea in bar as to the workers' compensation claims. The Court also sustains paragraph 1 of the Demurrer and dismisses the action for negligent supervision against Lascara. Finally, the Court overrules paragraphs 2, 3, and 4 of the Demurrer. In reaching its decision, the Court considered the pleadings and the parties' other written submissions.

The Plaintiff, Noreen Lockney, sustained injuries at work on July 26, 1995, when her chair collapsed under her. *Mot. for J.*, ¶ 7. She continues to suffer from numerous and persistent physical injuries caused by this fall. *Id.* at ¶¶ 8-10. The Plaintiff also suffers from severe depression. *Id.* at ¶ 11.

On May 20, 1997, the Plaintiff met with Matthew Vroom, an attorney with the firm Lascara & Associates, to handle her workers' compensation claim. *Id.*, at ¶¶ 15 & 17. At this meeting, the Plaintiff paid Lascara & Associates a $300.00 retainer fee. *Id.* at ¶ 18. On May 30, 1997, Vroom forwarded its "Fee and Cost Agreement" to the Plaintiff:

> [T]o confirm [the] conversation of May 20, 1997, concerning the fees which [the firm] will charge for representing [the Plaintiff] in connection with [her] engagement of Lascara & Associates, P.C., to assist [her] in getting workers' compensation to pay for [her] medical expenses.

*Id.* at ex. 1. Vroom signed the agreement, and the Plaintiff alleges that she also signed the letter and returned it. *Mot. for J.*, ¶¶ 20-21. The Plaintiff asserts that, on July 26, 1997, the statute of limitations on her workers' compensation claim expired and that Vroom failed to file the workers' compensation claim before that date. *Id.* at ¶¶ 23-24.

The following summer, Vroom left Lascara & Associates, but Vroom and his former firm continued their joint representation of the Plaintiff until the Plaintiff requested that the firm no longer represent her. *Id.* at ¶¶ 25-27. Pursuant to the Plaintiff's request, Mr. Lascara sent a letter to the Plaintiff dated October 14, 1998, confirming the termination and stating: "It is [Lascara & Associates'] understanding that, at your request, Mr. Vroom will be *solely* responsible for this matter commencing September 15, 1998, until conclusion." *Id.* at ¶ 28.

The Plaintiff alleges that "during [the] period of joint representation and thereafter, [the Plaintiff] had an implied and express oral contract with Mr. Vroom for his representation of her as her attorney to handle . . . payment of [the Plaintiff's] medical bills, defense of various suits filed against [the Plaintiff], and obtaining social security disability benefits for [the Plaintiff]." *Id.* at ¶ 30. The Plaintiff also contends that:

> At some point after he missed the statute of limitations on July 26, 1997, either before or after he left the employment of Lascara & Associates, Mr. Vroom realized that he had missed the statute of limitations.

*Id.* at ¶ 31. In the Motion for Judgment, the Plaintiff states that, even after Vroom realized he had missed the statute of limitations, he:

[R]epeatedly and consistently represented to [the Plaintiff] that he was diligently and actively prosecuting her workers' compensation claims and working on obtaining payment for her medical bills.

*Mot. for J.*, ¶ 32. Vroom told the Plaintiff about a September 7, 2000, trial date dealing with her workers' compensation case. *Id.* at ¶ 50. On that day, Vroom said the trial was continued. *Id.* at ¶ 51. Vroom told the Plaintiff the Virginia Beach Circuit Court would hear the case on February 7, 2001. *Id.* at ¶ 54. On January 29, 2001, the Plaintiff contacted the Virginia Beach Circuit Court to inquire about her case, and the Plaintiff discovered "that there was no case pending in her name and that [the court] had no records of any case filed on her behalf." *Id.* at ¶ 55.

The Plaintiff confronted Vroom and "Vroom confessed . . . that he had never filed her workers' compensation case and had not done anything to obtain recovery on her case or payment of her medical bills." *Id.* at ¶ 56. The Plaintiff "also discovered that several default judgments had been taken against her in the cumulative amount of $15,375.90." *Mot. for J.*, ¶ 57.

On July 25, 2002, the Plaintiff filed an action in the Norfolk Circuit Court against Vroom, Lascara & Associates, William Lascara, and Pender & Coward ("the successor-by-merger to Lascara & Associates"). *Id.* at ¶ 3. The Plaintiff seeks recovery on several theories, asserting that:

(1) Vroom and Lascara & Associates are liable for breach of contract;

(2) Lascara & Associates, Lascara, and Vroom were negligent in handling her legal matters;

(3) Vroom, Lascara & Associates, and Lascara committed legal malpractice;

(4) Vroom committed fraud;

(5) Vroom breached his fiduciary duty to the Plaintiff; and,

(6) Vroom intentionally inflicted emotional distress on the Plaintiff.

Defendants Lascara, Lascara & Associates, and Pender & Coward ("Defendants"), then, demurred to the motion for judgment and filed a plea in bar asserting that the action against them is barred by the statute of limitations.

*Plea in Bar: Statute of Limitations*

Because legal malpractice is a contract action sounding in tort, the limitation period prescribed in Virginia Code § 8.01-246 applies. *MacLellan v. Throckmorton*, 235 Va. 341, 344 (1988). If the contractual relationship between attorney and client is created by a written contract and signed by the

party against whom the plaintiff seeks to enforce it, the action must be commenced within five years. Va. Code Ann. § 8.01-246(2) (Michie 2002). If the relationship is created by an unwritten contract, the action must be commenced within three years. *Id.* at § 8.01-246(4).

Under the continuing agency rule, when "there is an undertaking or agency which requires a continuation of services, the statute of limitations does not begin to run . . . until the termination of the undertaking or agency." *Keller v. Denny*, 232 Va. 512, 516 (1987) (quoting *Riverview Land Co. v. Dance*, 98 Va. 239, 244 (1900)). The Virginia Supreme Court in *Keller v. Denny* applied this rule to legal malpractice claims arising from continuing attorney-client relationships, holding:

> [T]hat when malpractice is claimed to have occurred during the representation of a client by an attorney with respect to a particular undertaking or transaction, the breach of contract or duty occurs and the statute of limitations begins to run when the attorney's services rendered in connection with that particular undertaking or transaction have terminated, notwithstanding that continuation of a general attorney-client relationship, and irrespective of the attorney's work on other undertakings or transactions for the same client.

*Keller*, 232 Va. at 518. If, however, the act that gives rise to the claim is "a single, isolated act, Code § 8.01-230 now dictates that the statute of limitations begins to run when that act is performed, regardless of the time of discovery." *Id.* at 518-19.

### Written Contract: Workers' Compensation

In this case, it appears that the workers' compensation matter is covered by a written agreement. On May 30, 1997, Vroom sent the Plaintiff a "Fee and Cost Agreement" confirming the oral agreement they made on May 20, 1997. Vroom signed the letter and sent it on Lascara & Associates letterhead. The Plaintiff also claims that she signed the letter and returned it to Vroom.

The Defendants contend that the agreement only applies to "getting workers' compensation to pay for [the Plaintiff's] medical expenses." *Br. in Supp. of the Special Plea in Bar and Dem. Filed by Lascara & Associates, P.C., William Lascara and Pender & Coward, P.C.* ("Brief in Support") at 2 (quoting the Fee and Cost Agreement). They argue that the scope of the written agreement is so narrow that it does not apply to "the receipt of lost

wages from Workers' Compensation." *Id.* It appears, however, that the parties intended that the agreement would apply to the entire workers' compensation claim, not just to medical expenses, because the letter states in pertinent part:

> This is to confirm our conversation of May 20, 1997, concerning the fees which we will charge for representing you in connection with your engagement of Lascara & Associates, P.C., to assist you in getting workers' compensation to pay your medical expenses. . . . The work performed will initially include telephone consultation, review of documents, and drafting correspondence, but may later include all legal work which we, in our discretion, believe is required to exhaust your remedies for this matter through the trial court level.

*Mot. for J.*, ex. 1. A subsequent letter from Vroom written to the Plaintiff confirms the Plaintiff's belief that the Fee and Cost Agreement applies to the Defendants' legal services to obtain both the medical expenses and the lost wages covered by the workers' compensation claim. This letter dated July 3, 1997, is titled "Workmen's Compensation Claim" and it states *inter alia*:

> I [Vroom] have reviewed the documents which you [Plaintiff] have sent to me and would like to discuss with you how to proceed with the payment of all medical bills, *as well as the collection of any wage benefits* you are entitled to as a result of the accident.

*Pl. Noreen Lockney's Mem. in Op. to Lascara Def. Plea in Bar and Dem.*, ex. 2 (emphasis added). For these reasons, the Court concludes that the five-year statute of limitations applies to all matters dealing with obtaining medical expenses and lost wages covered by the workers' compensation claim.

### Oral Contract: All Other Matters

Because the sole written agreement addresses only the workers' compensation claim, the other matters at issue, including the social security benefits and default judgments, are governed by the three-year statute of limitations, which deals with oral agreements. The Plaintiff even admits that these other matters are not governed by a written document when she states:

> [D]uring this period of joint representation and thereafter, [the Plaintiff] had an implied and express *oral contract* with Mr. Vroom for his representation of her as her attorney to handle . . . payment of [the Plaintiff's] medical bills, defense of various suits filed against [the Plaintiff], and obtaining social security disability benefits for [the Plaintiff].

*Id.* at ¶ 30 (emphasis added).

### *When the Statute of Limitations Begins to Run*

This leaves the question of when the statute of limitations began to run in this case. Because the alleged malpractice occurred repeatedly over the course of years, the period prescribed by the statute of limitations when viewed with the continuing agency rule commences when the attorneys' work on the particular transaction ceased. *Keller v. Denny*, 232 Va. 512, 516 (1987). In the action at bar, Lascara & Associates and Lascara ceased work on the workers' compensation matter on September 15, 1998, as documented in the October 14, 1998, letter by the firm to the Plaintiff. Because the five-year statute of limitations applies to the workers' compensation claim, the statute of limitations would bar any malpractice action dealing with it filed after September 15, 2003. The Plaintiff filed this action against Lascara & Associates and against Lascara on July 25, 2002, well within the statute of limitations period.

The same reasoning would apply to the malpractice claim against Vroom dealing with the workers' compensation claim. Vroom appears to have ended his "work" on the claim on January 29, 2001, when the Plaintiff confronted him. The statute of limitations on the workers' compensation claim as it pertains to Vroom will end on January 29, 2006. This action was also filed well within the time limitation.

As far as the non-workers' compensation matters are concerned, the three-year statute of limitations applies. Vroom also appears to have ended his "work" on these issues on January 29, 2001; therefore, the statute of limitations ends on January 29, 2004. The Plaintiff has filed this action well within the time period.

Any matters other than the workers' compensation claim that Lascara and Lascara & Associates worked on, however, cannot be the basis of this action because Lascara and Lascara & Associates stopped all work for the Plaintiff on September 15, 1998. That means that, for all matters other than the workers' compensation issue, the statute of limitations as it applies to

Lascara and Lascara & Associates would have run out on September 15, 2001. The action was not filed until July 25, 2002, and thus was not timely as it pertains to these matters. This has no effect on the Plaintiff's claims against Lascara and Lascara & Associates, however, because the Plaintiff stated in the Brief in Opposition that "claims arising from 'a failure in any duty to obtain Social Security benefits or to defend her in suits filed against her' [were] only raised against Mr. Vroom" and not against the other Defendants. *Pl. Noreen Lockney's Mem. in Opp'n to Lascara Defs' Plea in Bar and Dem.* ("Brief in Opposition") at 5.

### Equitable Estoppel

The Plaintiff argues that "[t]o the extent any claims were not filed within the statute of limitations, the statute of limitations was equitably tolled as a result of the fraudulent concealment of [the Plaintiff's] cause of action for malpractice." Brief in Opposition at 8. Equitable estoppel, however, does not affect the application of the statute of limitations to Lascara and Lascara & Associates. The Virginia Supreme Court has been clear:

> [T]he statute begins to run when the right of action accrues. It is equally well settled that in its terms the statute is absolute, admitting no exception which itself does not recognize, unless under certain extraordinary circumstances, wherein the positive and plain requirements of an equitable estoppel preclude its application.

*Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 85 (1980) (quoting *Brunswick Corp. v. Perkinson*, 153 Va. 603, 608 (1930)). In order to invoke the equitable estoppel doctrine, the Plaintiff:

> [M]ust prove by clear, precise, and unequivocal evidence the following elements: (1) A material fact was falsely represented or concealed; (2) The representation or concealment was made with knowledge of the facts; (3) The party to whom the representation was made was ignorant of the truth of the matter; (4) The representation was made with the intention that the other party should act upon it; (5) The other party was induced to act upon it; and (6) The party claiming estoppel was misled to his injury.

*Id*. at 86. The statute of limitations began to run on September 15, 1998, the same day Lascara's and Lascara & Associates' relationship with the Plaintiff ended. The record fails to reflect that the firm did anything after the relationship terminated to conceal its alleged malpractice. The only person the Plaintiff alleges to have concealed malpractice after that date was Vroom, who was no longer an employee of Lascara & Associates. Equitable estoppel, therefore, does not apply to Lascara and Lascara & Associates because they did nothing after the statute of limitations began to run to conceal the Plaintiff's cause of action; therefore, nothing Lascara & Associates or Lascara did negatively affected the running of the statute of limitations.

For these reasons, the Court sustains the plea in bar as to Lascara and Lascara & Associates with respect to all matters other than the workers' compensation claims and overrules the plea in bar as to those workers' compensation claims.

*Demurrer*

*Duty to Supervise: Counts II and III as to Lascara*

In this case, the Plaintiff alleges that "Vroom was licensed to practice law by the Virginia State Bar . . . less that three years prior to Lascara & Associates' assignment of him to handle [the Plaintiff's] case." *Mot. for J.* ¶ 88. The Plaintiff further contends that "[a]t the time that Lascara & Associates and William Lascara assigned Mr. Vroom to handle [the Plaintiff's] cases and notwithstanding Mr. Vroom's representations to the contrary, Mr. Vroom lacked significant prior training and experience in the area of workers' compensation law." *Id*. at ¶ 89. The Plaintiff asserts that "[b]oth William Lascara and Lascara & Associates knew or should have known that Mr. Vroom did not possesses the requisite legal knowledge and skill, thoroughness and preparation reasonably necessary for the representation of [the Plaintiff] absent supervision by William Lascara, a senior attorney with significantly more legal experience." *Id*. at ¶ 91-92.

Virginia Code § 13.1-547 protects Lascara from vicarious liability for Vroom's acts and omissions during Vroom's employment with Lascara & Associates because Lascara and Vroom were members of and/or employed by a professional corporation at that time. Employees of a professional corporation cannot be held vicariously liable for each other's acts and omissions. Section 13.1-547 provides that:

A director, officer, agent, or employee of a professional corporation shall not, by reason of being any director, officer, agent, or employee of such corporation, be personally liable for any debts or claims against, or the acts or omissions of the corporation or of another director, officer, agent, or employee or the corporation.

Va. Code Ann. § 13.1-547.

Lascara also cannot be held liable for Vroom's acts and omissions during his employment at the firm under the theory of negligence. Virginia law fails to recognize a "duty on the part of a partner of an incorporated law firm to supervise an associate as grounds for civil liability." *Brief in Support* at 4. Some trial courts have held that the Virginia Supreme Court completely rejected the theory of negligent supervision in *Chesapeake & Potomac Tel. Co. of Va. v. Dowdy*, 235 Va. 55 (1988). *E.g., Gray v. Rhoads*, 55 Va. Cir. 362 (Norfolk 2001) (Taylor, J.); *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (Fairfax 1998) (MacKay, J.).

In *Dowdy*, an employee sued his employer for negligent supervision. The employee alleged that his supervisor harassed him, causing the employee so much stress that he eventually lost his job. The Virginia Supreme Court held that "[i]n Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." *Id.* at 61.

The Plaintiff asserts that the Virginia Supreme Court, in *Prosise v. Foster*, 261 Va. 417 (2001), "recognized a duty to supervise if a doctor-patient relationship is shown." *Brief in Opp.* at 11. In *Prosise*, an on-call physician, even though technically supervising the hospital residents, owed the decedent no duty of care based on a doctor/patient relationship because no evidence showed that there was a consensual doctor/patient relationship between the decedent and the doctor. The Virginia Supreme Court stated that the list of regulations in the Virginia Code providing that a doctor must supervise hospital residents did not create a doctor/patient relationship between the decedent and the doctor. The doctor had no direct contact with the patient nor did the doctor consult the residents about the decedent's care. The Court held that in order for an on-call doctor to owe a duty to the patients of hospital residents, the doctor must accept responsibility for the patient's treatment in some way. If the doctor accepts the patient, is consulted about the patient or summoned for consultation and treatment, or is bound by contract with the hospital providing that the doctor has a duty in such circumstances, the doctor will owe the patient a duty.

*Prosise*, however, is distinguishable from the case at bar. *Prosise* dealt with medical residents not full-fledged physicians. Vroom, unlike the medical residents in *Prosise*, had completed all of his legal training and had been a *bona fide* member of the Virginia State Bar for over two and a half years.

Likewise, in *Musselman v. Willoughby Corp.*, 230 Va. 337 (1985), an untrained paralegal prepared a deed incorrectly. The Virginia Supreme Court affirmed a judgment against the lawyer that employed the paralegal. *Musselman*, however, is distinguishable from the case at bar in that *Musselman* dealt with an untrained paralegal whose position by its very title is designed to work under the direction of a licensed attorney. In the instant action, of course, the defendant Vroom is a fully licensed attorney.

The Plaintiff argues that the Virginia Rules of Professional Conduct reflect an attorney's common law duty to provide competent representation to a client. *Va. Rules of Prof'l Conduct* R. 1.1. Rule 5.5(a) states that "[a] partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct." *Id.* at R. 5.5(a). Comment 4 to this rule provides that "[w]hether a lawyer has such a supervisory authority in particular circumstances is a question of fact. Partners of a private firm have at least indirect responsibility for all work being done by the firm, while a partner in charge of a particular matter ordinarily has direct authority over other firm lawyers engaged in the matter." *Id.*, at R. 5.5, cmt. 4. A violation of the Virginia Rules of Professional Conduct, however, does not give rise to an independent cause of action nor were the Virginia Rules of Professional Conduct effective until January 1, 2000, after Lascara's dealings in this case. *Ayyildiz v. Kidd*, 220 Va. 1080, 1085-86 (1980) (ruling "that the Code of Professional Responsibility [the predecessor to the Virginia Rules of Professional Conduct] is no basis for a private cause of action, although, of course, in an appropriate case, disciplinary proceedings can be instituted against the offending lawyer").

Virginia does not recognize a cause of action for negligent supervision. For this reason, the Court sustains paragraph 1 of the demurrer and dismisses the action for negligent supervision against Lascara.

### Demurrer: Legal Malpractice and Breach of Contract

The Defendants argue that Counts II (negligence) and III (legal malpractice) should be dismissed. They argue that "[i]n Virginia, legal malpractice and breach of contract claims against an attorney stemming from an attorney-client relationship are materially identical." *Brief in Support* at 6.

In *O'Connell v. Bean*, 263 Va. 176 (2002), a legal malpractice case, Bean, the client, sued O'Connell, the attorney, for professional negligence, actual fraud, constructive fraud, and breach of fiduciary duty. Bean had process served on the Secretary of the Commonwealth because O'Connell was an out-of-state resident. When O'Connell did not file responsive pleadings, Bean took a default judgment against O'Connell. Damages were determined at a later time. Bean sought to obtain punitive damages. O'Connell argued that "punitive damages could not be recovered for breach of a contract in the absence of a willful independent tort." *Id.* at 180 (citing *Kamlar Corp. v. Haley*, 224 Va, 699, 707 (1983)). The Virginia Supreme Court held that:

> But for the contract, O'Connell would have had no duties to Bean. Whatever duties O'Connell owed Bean arose from their attorney-client relationship, which was created by their contract. . . . Even though the contractually implied duties of due care and fiduciary responsibility employ tort concepts, they, and principles relating thereto, may be applied to legal malpractice actions. Nevertheless, "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract.

*Id.* at 180-81(citations omitted). Because Bean's action was based on a contract, the Court ruled that punitive damages could not be awarded unless a willful, independent tort occurred. *Id.* at 181.

While negligence based on a breach of contract, breach of contract, and legal malpractice appear to be essentially the same causes of action, Virginia Code § 8.01-272 provides that "a party may plead as many matters, whether of law or fact, as he shall think necessary." Va. Code Ann. § 8.01-272. Section 8.01-281 and Rule 1:4 of the Rules of the Virginia Supreme Court state:

> A party asserting either a claim, counterclaim, cross-claim, or third party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence.

Va. Code Ann. § 8.01-281; R. of Va. Sup. Ct. R. 1:4. Negligence based on a breach of contract, breach of contract, and legal malpractice are simply alternative theories of recovery arising out of the same transaction.

For these reasons, the Court overrules paragraph 2 of the demurrer.

*Demurrer: Plaintiff's Failure to Show Actually Bar
to Bringing the Workers' Compensation Claim*

The Virginia Supreme Court has defined the elements of an action for legal malpractice very clearly:

> A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach. In the absence of any injury or damage, there is no cause of action.

*Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 313 (2002). The Defendants argue that the Plaintiff has failed to show that she is actually barred from asserting a workers' compensation claim. They also assert that the Plaintiff has failed to show that their alleged breach proximately resulted in her inability to pursue that claim.

Virginia Code § 65.2-601 clearly states that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Va. Code Ann. § 65.2-601. The accident occurred on July 26, 1995. *Mot. for J.* ¶ 7. The statute of limitations governing the workers' compensation claim expired on July 26, 1997. *Id.* at ¶ 23. The Motion for Judgment states that "Mr. Vroom failed to file Ms. Lockney's workers' compensation claim with the Virginia Workers' Compensation Commission prior to the expiration of the statute of limitation on July 26, 1997." *Id.* at ¶ 24. The Plaintiff specifically states that Vroom and Lascara allowed the statute of limitations to expire without filing the claim: "But for the neglect by her attorneys in failing to file her workers' compensation claims within the statute of limitations, [the Plaintiff] would have received a workers' compensation commission determination for benefits and would have obtained and collected and continued to collect monies for medical treatment and lost wages resulting from her work related injury." *Id.* at ¶115. The statute of limitations barred the Plaintiff from filing for workers' compensation and, according to the pleadings, the failure of the Plaintiff's attorneys to make a timely filing caused the statute of limitations to expire.

The Defendants argue that the Commission's definition of a "filing" is broad. Because the word "filing" encompasses many types of communications, the Defendants assert that the Plaintiff has failed to allege her communications to the Commission did not constitute a "filing." The

Motion for Judgment, however, states clearly that the Defendants failed to file her claim within the two-year limitation. The Motion for Judgment even becomes more specific, stating that the firm "fail[ed] to timely file the *appropriate paperwork* with the Virginia Workers' Compensation Commission and ARE's workers' compensation insurance carrier to obtain a determination of workers' compensation benefits for Ms. Lockney." *Id.* at 67 (emphasis added). Because the Motion for Judgment clearly alleges causation and damages, the Court overrules paragraph 3 of the demurrer.

### Demurrer: Payment of Default Judgments

The Defendants now argue that:

> The Virginia Supreme Court refused to consider monetary judgments taken against the plaintiff as actual damages upon which a malpractice action against an attorney could be sustained absent proof, or even allegation, of payment.

*Brief in Support* at 9. The Defendants rely on *Allied Productions v. Duesterdick*, 217 Va. 763 (1977). A recent circuit court opinion, however, has questioned the application of *Duesterdick* to recent cases. In *Jones v. Hyatt Legal Services*, 38 Va. Cir. 140 (Fairfax 1995) (Bach, J.), the court held that:

> According to the plain meaning of § 8.01-281, Plaintiff may bring many related claims, including those for "future potential liability." Plaintiff may include claims based on future payments he must make as a result of his attorney's alleged malpractice, because these payments are future potential liability of Plaintiff. Because this section of the Code was amended in 1981, it supersedes *Duesterdick*, decided in 1977.

*Id.* at 142 (citations omitted). The Court agrees with the *Jones* conclusion that § 8.01-281 of the Virginia Code states that a "claim, counterclaim, cross-claim, or third-party claim . . . may be based on future potential liability." Va. Code Ann. § 8.01-821 (Michie 2002).

The Virginia Supreme Court has never articulated that § 8.01-821 supersedes *Duesterdick*. In fact, the Fourth Circuit Court of Appeals held that *Jones* was incorrectly decided. *McCoubrey v. Kellogg, Krebs & Moran*, 7 Fed. Appx. 215 (4th Cir. 2001). In *McCoubrey*, the Fourth Circuit stated that:

> [T]he decision of Virginia's highest court in *Gemco-Ware, Inc. v. Rongene Mold and Plastics Corp.*, 234 Va. 54 (1987), is a clear indication that, if confronted with the question today, that court would . . . reject *Jones*. Gemco-Ware was a products liability action against the manufacturer of a teakettle that had come apart in use and spilled boiling water on the complainant. Gemco-Ware filed a third-party claim for indemnity against Rongene Mold and Plastics, the maker of the teakettle's handle. The court held that, under § 8.01-281, a claim based on future potential liability could be asserted by way of a third-party complaint. The court observed, however, that the provision for such a claim in the statute is a procedural device designed to promote judicial economy and has no effect on substantive law. . . . Accordingly, we conclude that the Supreme Court of Appeals of Virginia [*sic*], if called upon to determine whether the 1981 amendment to § 8.01-281 changes the payment rule of [*Duesterdick*], would hold that it does not.

*Id.* at 221-22. The Court, however, must respectfully disagree with the conclusion of the United States Court of Appeals in *McCoubrey*. Although great deference is given to the opinions of that court, its conclusions with respect to Virginia law are not controlling. Indeed, the Court finds itself in complete agreement with the holding of the Circuit Court of the County of Fairfax as expressed in *Jones*. For these reasons, the Court overrules paragraph four of the demurrer.

In summary, the Court sustains the plea in bar with respect to all matters other than the workers' compensation claims and overrules the plea in bar as to those workers' compensation claims. The Court also sustains paragraph 1 of the demurrer and dismisses the action for negligent supervision against Lascara. The Court overrules paragraphs 2, 3, and 4 of the demurrer.