# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Christopher Matthew

v.

Meghan K. Carr

March 20, 2006

Case No. 05-247

BY JUDGE EDWARD L. HOGSHIRE

Christopher Matthew filed this Motion for Judgment ("MFJ") against Meghan K. Carr claiming defamation, malicious prosecution, and negligence. The action arises out of the Defendant's accusation that the Plaintiff raped her. The accusation was later proved to be false by DNA evidence. Defendant's demurrer to the MFJ gives rise to the issues before the Court today. For the reasons articulated below, the Court overrules Defendant's demurrer as to Counts I and II but sustains the demurrer to Count III.

*Standard of Review*

For the purposes of a demurrer, the facts as stated in the Plaintiff's MFJ shall be taken as true and correct. The facts admitted are those expressly alleged, those that fairly can be viewed as impliedly alleged, and those that may fairly and justly be inferred from the facts alleged. *Rosillo v. Winters*, 235

Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). As long as the claim contains sufficient allegations of material fact so as to inform the Defendant of the nature and character of the claim, it will withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993).

## Statement of Facts

On September 3, 2004, Defendant had a sexual interaction with a black male. (MFJ, ¶ 1.) Following this interaction she called the police where she asserted that she had been choked and assaulted by a black male. (MFJ, ¶ 3.) At that time, she denied that she had been raped. (MFJ, ¶¶ 1, 3-4.) Shortly after Defendant's call to the police, Plaintiff, a black male, was stopped and picked up by the police as he walked home. (MFJ, ¶ 5.) Defendant requested to be brought to where Plaintiff was being held and there identified Plaintiff as her assailant. (MFJ, ¶ 7.) Defendant indicated that she was certain Plaintiff was the man who attacked her. (MFJ, ¶ 8.) Defendant then indicated that she had been raped as well as assaulted. (MFJ, ¶¶ 9-10.) The suspicion was then raised that Plaintiff was a serial rapist who has been operating in Charlottesville for several years. (MFJ, ¶ 11.) Plaintiff was then arrested for the assault and rape. After five days of incarceration, the results of a DNA test indicated that Plaintiff could not be the rapist. (MFJ, ¶ 13.) Plaintiff was released. Defendant then immediately identified another person as the rapist. (MFJ, ¶ 13.)

## Analysis

## I. Defamation

The Defendant argues that the MFJ must fail because the Plaintiff has not alleged facts sufficient to show defamation. The elements of defamation are: (1) publication about the plaintiff, (2) containing an actionable statement, (3) made with the requisite intent. *Fleming v. Moore*, 221 Va. 884 (1981). The statements at issue, namely the Defendant's accusation that the Plaintiff was a rapist and possibly a serial rapist, are clearly actionable per se. *Marsh v. Commercial & Savings Bank of Winchester, Va.*, 265 F. Supp. 614, 620 (W.D. Va. 1967) (stating that the words and actions challenged are actionable per se because they impute the commission of a felony to the plaintiff). *See also M. Rosenberg & Sons v. Craft*, 182 Va. 512, 518 (1944).

The primary question in this claim of defamation is whether the Plaintiff has alleged facts sufficient to show the requisite intent. Defendant argues that Plaintiff must make a showing of malice to allege defamation. However, malice does not have to be proved unless the plaintiff is a public figure. *See New York Times v. Sullivan*, 376 U.S. 254 (1964). Where the plaintiff is a private individual, the standard for recovery is negligence. *Jarrett v. Goldman*, 67 Va. Cir. 361 (2005) (citing *Gazette, Inc. v. Harris*, 229 Va. 1, 15 (1985)). There is no argument that Plaintiff was or is a public figure. Therefore, the basic intent Plaintiff must allege is negligence.

However, Defendant argues that Plaintiff must allege more than mere negligence because her criminal complaint against Plaintiff is protected by a qualified privilege. The common-law defense of qualified privilege applies where the communication is made in good faith, on a "subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social" and to a person having a corresponding interest or duty. *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 154 (1985) (quoting *Taylor v. Grace*, 166 Va. 138, 144 (1936)). The communication at issue, a complaint by the Defendant to law enforcement officials on the subject of a criminal act perpetrated on the Defendant, does fall under the qualified privilege. Therefore, the question becomes what allegation of the Defendant's intent must be made to get past the qualified privilege.

The law in Virginia clearly requires a higher showing of a defendant's intent to overcome the protection of the qualified privilege. Plaintiff must allege facts that show common-law malice to defeat the qualified privilege.[1] *Great Coastal Express, Inc.*, 230 Va. at 154. *See also Gazette*, 1 Va. at 18; *Larimore v. Blaylock*, 259 Va. 568, 576 (2000). The Virginia Supreme Court has given an expansive explanation of the nature of common-law malice in *Great Coastal Express, Inc.* As the court said:

> Common-law malice is defined as "some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff; or what, as a matter of law, is equivalent to malice, that the communication was made with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff."

---

[1] Much confusion arises from the different terms that are used to describe this higher standard of intent. It should be noted that "common-law malice" is used interchangeably with "actual malice."

*Great Coastal Express, Inc.*, 230 Va. at 150, n. 3 (quoting *Preston v. Land*, 220 Va. 118, 120-21 (1979)). The court expressly noted that common-law malice can be shown either by proof of the speaker's personal spite or ill-will or by the speaker's "reckless indifference to falsity." *Id.* The court further explained that:

> *New York Times* malice (knowledge that the publication was false or with reckless disregard of whether it was false or not) is merely one of the several elements of common-law malice. [C]ommon law malice is shown, sufficient to defeat a qualified privilege, by proof that the speaker uttered defamatory words without believing them to be true, or lacked reasonable or probable grounds for believing them to be true. Thus, common-law malice, in Virginia, has long included *New York Times* malice.

*Id.* (citations omitted). *See also Smith v. Schnupp*, 1994 WL 1031010 (1994). Therefore, it is clear that, if Plaintiff alleged facts showing either motives of personal spite, knowledge that the communication was false, or reckless disregard of whether it was false or not, then he has satisfied the standard of common-law malice.

The basic facts put forth in Plaintiff's MFJ form an allegation that Defendant acted with reckless disregard for the falsity of her accusation. Plaintiff states that Defendant identified him immediately upon seeing him and stated that she was "positive" he was the rapist. Plaintiff alleges that, in making those statements, Defendant was either lying or she recklessly disregarded whether she was speaking the truth. Plaintiff alleges that Defendant knew she could not identify the person with whom she had the sexual encounter and, with that knowledge, still told police that Plaintiff raped her. Plaintiff also alleges that Defendant lied about being raped. Further, once Plaintiff was exonerated by DNA evidence, Defendant immediately identified another person as her rapist. These allegations are sufficient to satisfy the standard for pleadings challenged on demurrer. Whether Plaintiff will be able to meet the rather strict standard of proof for common-law malice, evidence establishing that Defendant had a "high degree of awareness of probable falsity" or reckless disregard of whether the accusation was true or not, is a question for the jury at trial. *Heishman, Inc. v. Fox*, 217 F. Supp. 2d 690 (E.D. Va. 2002). Therefore, the demurrer to Count I of the MFJ is overruled.

## Malicious Prosecution

Defendant also argues that Plaintiff has not alleged sufficient facts to make out a claim of malicious prosecution. "In an action for malicious prosecution, the plaintiff bears the burden of proving . . . that the prosecution was (1) malicious, (2) instituted by, or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." *Hudson v. Lanier*, 255 Va. 330, 333 (1998). Malice is defined as any controlling motive other than a good faith desire to "further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Id*. Malice may be inferred from a lack of probable cause. *Singer Mfg. Co. v. Bryant*, 105 Va. 403 (1906).[2] Therefore, Plaintiff can show malice either by showing bad faith or by showing lack of probable cause. In the context of malicious prosecution, "probable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Stanley v. Webber*, 260 Va. 90, 96 (2000).

Defendant argues that Plaintiff's MFJ fails to allege facts demonstrating either bad faith or lack of probable cause because he only alleges facts showing mistaken identification. An allegation of mistaken identification would be based on the notion that Defendant believed Plaintiff was the perpetrator when she accused him but later found herself mistaken. However, Plaintiff's MFJ alleges more than simple mistaken identification. Plaintiff alleges that Defendant accused Plaintiff of assault and then rape knowing that she could not actually identify the person with whom she had this altercation. The MFJ alleges that Defendant never had "knowledge of such facts and circumstances to raise the belief in a reasonable mind" that Plaintiff was guilty of assault and rape and yet Defendant publicly accused Plaintiff of those crimes, subjecting him to arrest and indictment. Such allegations suffice to plead both malice itself and lack of probable cause implicating malice. Whether Plaintiff can actually prove those allegations is a matter for the jury.

It should be noted that, while Plaintiff must only prove legal malice, as inferred from the circumstances, to get compensatory damages, Plaintiff must

---

[2] The converse is not true. Lack of probable cause cannot be inferred from malice. Commissary Concepts Management Corp. v. Mziguir, 267 Va. 586, 589 (2004).

prove actual malice to get punitive damages for malicious prosecution. *Oxenham v. Johnson*, 241 Va. 281, 287 (1991).

Defendant also argues that Plaintiff has not pleaded sufficient facts to show that the prosecution was instituted by, or with the cooperation of, the Defendant. However, the MFJ alleges that Defendant initially made the complaint of assault, then changed the complaint to rape to further the investigation, and that Defendant insisted on coming to where Plaintiff was being held to identify him. These allegations certainly show that Defendant had a significant role in the prosecution of the Plaintiff, certainly more than the Defendant in *King v. Martin*, the case cited by the Defendant. 150 Va. 122 (1928) (finding that defendant "neither instructed, caused, nor had anything to do with the prosecution of plaintiff except to appear as a witness"). This is particularly so because Plaintiff alleges that Defendant knew her claims were false. In making false claims, the Defendant is legally responsible for the subsequent actions that are taken. *See Harris v. USAA Casualty Ins. Co.*, 37 Va. Cir. 553 (1994) (citing Harper, James & Gray, *The Law of Torts*, § 4.3, at 415 (2d ed. 1994)). Therefore, the demurrer to Count II of the MFJ is overruled.

### Breach of Duty of Care

Plaintiff's final claim is titled "Breach of Duty of Care." The elements of the cause of action laid out in the MFJ essentially allege a cause of action for negligence or gross negligence. Plaintiff asserts that, in making an accusation of crime against another person, Defendant owed a duty of care or extreme caution. Assuming that this final cause of action is essentially a negligence claim, whether Plaintiff has adequately pleaded this cause of action depends on whether the Defendant owed a duty of care to the Plaintiff.

Whether there is a duty owed by Defendant to Plaintiff is a pure question of law. *A. H. v. Rockingham Publishing Co.*, 255 Va. 216 (1998). Plaintiff argues that Defendant did owe a duty of care because Defendant chose to act and accuse Plaintiff of rape. In choosing to act, Defendant assumed a duty of care to Plaintiff. Plaintiff asserts that there is a substantial legal basis for finding a general duty not to injure others that arises when a person's conduct creates a risk of harm to others. C. Friend, *Personal Injury Law in Virginia*, § 1.1.1 Duty, at 4 (1990). However, the cases cited by Plaintiff do not address the specific context of this case wherein the specific

duty alleged is to use reasonable care when making a criminal complaint.[3] Unable to cite a case recognizing such a duty of care, Plaintiff attempts to argue that his claim falls under the law of either intentional and/or negligent infliction of emotional distress where there is no physical impact.

Plaintiff argues that a defendant can be held liable for purely mental harm resulting from willful or wanton misconduct. Plaintiff does recognize that, under current Virginia law, such a claim is for intentional infliction of emotional distress and requires elements distinct from any claim for basic negligence, for example, Plaintiff must plead that the conduct at issue is outrageous or intolerable. *Womack v. Eldridge*, 215 Va. 2338 (1974). Plaintiff also argues that Virginia law recognizes a claim for emotional disturbance and physical injury resulting therefrom, where the conduct is negligent and there is no physical impact. *Hughes v. Moore*, 214 Va. 27, 34 (1973). Plaintiff's MFJ makes no reference to a claim for intentional or negligent infliction of emotional distress and the cases cited are inapplicable to the establishment of the duty of care asserted in his MFJ. Plaintiff pleaded only that Defendant is liable for breaching the alleged duty of care or extreme caution owed by crime victims in reporting crimes to the police.

Because Plaintiff's claim was for negligence alone, the Court is confined to considering the validity of that claim. The Court cannot consider whether Plaintiff has alleged facts establishing intentional or negligent infliction of emotional distress as it is a right not pleaded. *Jenkins v. Bay House Assocs.*, 266 Va. 39, 43 (2003).

In the abstract, it would seem that Defendant did have a moral duty to act with care but this Court must query whether or not a legal duty exists here. The reporting of criminal acts and the recourse to the justice system for victims of criminal acts is necessary to the maintenance of ordered society. *Marsh v. Commercial & Savings Bank of Winchester*, 265 F. Supp. 614, 623 (W.D. Va. 1967). The claims of defamation and malicious prosecution, as used by Plaintiff in this case, provide sufficiently specific and strict standards of proof to enable one wronged to gain relief, while at the same time protecting those who report crimes. Plaintiff does not cite, and this Court has not found, any Virginia cases recognizing a general duty of crime victims to act with care or extreme caution in reporting crimes as separate from

---

[3] In his Memorandum in Opposition to Demurrer, Plaintiff cites cases finding a general duty of care in the context of motor vehicle operation, property maintenance, installation of machinery, and the keeping of animals. All of these cases deal with acts which foreseeably cause *physical* harm to others and are well recognized in tort law.

defamation or malicious prosecution. Therefore, the demurrer to Count III is sustained.

## Conclusion

Although Plaintiff's MFJ is somewhat conclusory, on a demurrer, the court is to make all reasonable inferences from the facts alleged. Plaintiff alleges that Defendant either knew her claim was false or knew she did not have the facts to make an accurate accusation, and yet she accused Plaintiff of assault and rape anyway. Those allegations are sufficient to satisfy the malice standards for both defamation and malicious prosecution. Further, Plaintiff has clearly alleged that Defendant actively pursued the prosecution against him as required by the malicious prosecution claim. Therefore, Plaintiff has alleged facts sufficient to get past a demurrer on these claims. However, because the Court finds that there is no general duty of care giving rise to a negligence claim in the context of criminal complaints, the Demurrer to Count III is sustained.